996

In re ANDREWS.

GREBE v. WHEELER CATERING CO.
et al.

No. 9687.

United States Court of Appeals
Seventh Circuit.

Feb. 9, 1949.

Rehearing Denied March 9, 1949.

LINDLEY, District Judge, dissenting.

———◇———

Paul Y. Davis and Gustav H. Dongus, both of Indianapolis, Ind. (Davis, Baltzell, Hartsock & Dongus, of Indianapolis, Ind., of counsel), for appellants.

Frederick E. Schortemeier, of Indianapolis, Ind., Charles H. Watson, of Chicago, Ill., Robert K. Eby, of Indianapolis, Ind., and Marcus R. Hart, of Chicago, Ill., (Schortemeier, Eby & Wood, of Indianapolis, Ind., of counsel), for Wheeler Catering Co.

Isidore Feibleman, Julian Bamberger, and Charles B. Feibleman, all of Indianapolis, Ind., (Bamberger & Feibleman, of Indianapolis, Ind., of counsel), for Asa J. Smith, trustee in bankruptcy for Frank E. Andrews.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and LINDLEY, District Judge.

MAJOR, Chief Judge.

This is an appeal from a decree of the District Court, entered June 9, 1948, confirming on petition for review an order of the Referee in Bankruptcy denying the validity and priority of appellant's chattel mortgage as against the Trustee in Bankruptcy and against Wheeler Catering Company (hereinafter referred to as Wheeler), whose chattel mortgage was adjudged to be a valid and subsisting lien. The contested issues are (1) whether appellant's chattel mortgage is a valid and superior lien to that of Wheeler, and (2) whether appellant has equitable rights superior to those of Wheeler.

The issues were formulated below by the respective reclamation petitions of appellant and Wheeler founded upon their respective chattel mortgages covering the same personal property in the possession of the mortgagor's Trustee in Bankruptcy. The Trustee filed an answer denying the validity of appellant's chattel mortgage. No answer was filed by the Trustee to the petition for reclamation of Wheeler, and the Trustee did not dispute the validity of its chattel mortgage.

The facts were stipulated, and for the purpose of the question for decision may be briefly stated. Appellant is the owner and endorsee of a promissory note dated November 22, 1943, in the principal amount of $7,000.00, and a purchase money chattel mortgage securing the same executed and delivered by the mortgagor (bankrupt) to appellant's deceased husband. Appellant's chattel mortgage was duly filed of record on November 30, 1943, in the appropriate county, pursuant to Sec. 9 of the Indiana Chattel Mortgage Act. Section 9 of Chap. 147, Acts of Indiana 1935, Sec. 51-509, Burns 1933 Ind.Stats.Ann., 1947 Cum.Supp.

On November 12, 1946, the bankrupt executed and delivered to Wheeler his promissory note in the principal amount of $15,000.00 for money borrowed, which was duly filed of record in the appropriate county on November 14, 1946, or sixteen days prior to November 30, 1946, the date of expiration of appellant's mortgage. The chattel mort-

gage of Wheeler was made without appellant's knowledge or consent and contrary to the provisions of her mortgage, which prohibited the mortgagor from further encumbering the property.

Appellant did not file an extension statement of her chattel mortgage prior to the expiration of the three-year period, as is provided for by Sec. 15 of the Indiana Act,[1] Burn's Ann.St. § 51-515. On November 14, 1947, an involuntary petition in bankruptcy was filed against the mortgagor, and subsequently a Trustee in Bankruptcy was appointed who as such represented general creditors who extended credit to the bankrupt after November 30, 1946 and prior to March 17, 1947. The mortgaged property was ordered sold by the Referee free and clear of liens, the liens, if any, to attach to the proceeds of sale. The property sold for $14,100.00, which sum is now being held by the Trustee pending the determination of the validity and priority of the liens asserted by appellant and Wheeler. There is due and unpaid on appellant's chattel mortgage note the principal sum of $3,200.00, and on that of Wheeler the sum of $10,437.92 together with interest, certain costs and attorney fees on each note.

The primary issue raised by the appellant involves the construction or interpretation to be given to Sec. 15 of the Act, which so far as here material provides:

"A chattel mortgage executed under and pursuant to this act shall be invalid as against creditors, purchasers, junior mortgagees, other lienors and encumbrancers and third parties after the expiration of a period of three [3] years, reckoning from the time of filing of said chattel mortgage or from the time of filing of a statement as herein provided for, unless before the expiration of such term the mortgagee or some one in his behalf shall file a statement containing the names of the parties to the mortgage, the time and place where filed, and the amount then due thereon for principal and interest, in which case the lien of the mortgage shall be extended for three [3] years from and after the date of the filing of said statement. * * *"

---

[1] Appellant filed such a statement on March 17, 1947, which it is admitted is of no benefit to her in the instant proceeding and has no bearing upon the issues involved.

Thus, under this section appellant had until November 30, 1946 to file an extension statement of her chattel mortgage. Admittedly, this was not done. In the meantime, Wheeler had on November 14, 1946 procured its chattel mortgage upon the same property as was covered by appellant's chattel mortgage. No question is raised but that appellant had a valid chattel mortgage and lien upon the property at the time Wheeler took and received its chattel mortgage. Neither is there any issue on the record but that appellant's chattel mortgage as to creditors who extended credit to the bankrupt after November 30, 1946 was invalidated by reason of appellant's failure to file an extension statement in compliance with Sec. 15, and we suppose no question would be raised but that her lien would for the same reason have been invalidated as to Wheeler had its mortgage been executed after November 30, 1946.

The question for decision arises from the fact that Wheeler's mortgage was obtained while and during the period that appellant was possessed of a valid chattel mortgage lien. The Referee in Bankruptcy in his order (confirmed by the court on petition for review) states:

"We are here concerned with Section 15 of the Act and do not find that it is either indefinite, uncertain or ambiguous. It provides that a chattel mortgage shall be invalid after the expiration of a three year period."

In our view, the question cannot be so summarily disposed of, notwithstanding Wheeler's argument that Sec. 15 in plain and unambiguous terms requires such a result.

Sec. 15, so far as we are aware, has not been construed by an Indiana court, and thus we are called upon to determine, or perhaps it would be more accurate to say speculate, on the construction which the Indiana courts would give to the section. It would seem more appropriate that State courts should first construe legislative enactments of their States, but Federal courts are frequently required to meet this seemingly incongruous situation. In the absence of an Indiana decision, our attention is called to numerous decisions from other jurisdictions claimed to support the construction here sought by the respective parties. The rule relied upon by appellant is stated in 1 Jones, Conditional Sales and Chattel Mortgages, 6th Ed. 1933, Sec. 293, thus:

"Purchasers or mortgagees who become such before the expiration of the year, or other renewal period, from the first filing can not take advantage of an omission to refile the mortgage. Such purchasers or mortgagees have notice of the existing mortgage, and take title subject to it. The statute was intended to prevent imposition upon them, and not to relieve them from encumbrances valid against them when they acquired their own titles. They stand in the position the mortgagor was in when they took their title from him."

Appellant cites and quotes from numerous cases which support this textbook rule. Graham v. Perry, 200 Wis. 211, 228 N.W. 135, 137, 68 A.L.R. 267; Arlington Mill & Elevator Co. v. Yates, 57 Neb. 286, 77 N.W. 677, 679; Guaranty State Bank v. Lawrence, 51 S.D. 33, 211 N.W. 801, 802; Meech v. Patchin, 14 N.Y. 71, 73. Wheeler seeks to distinguish the general rule on the basis that the difference in the wording of the Indiana provision requires a different result, and it cites Commercial Security Bank v. Chime's Press, 88 Utah 148, 42 P.2d 990, which involved the construction of a Utah statute quite similar to that of Indiana.

It would unduly prolong our discussion to compare the language of the various statutory provisions with that of Indiana. We shall limit our comparison to the Wisconsin provision construed in Graham v. Perry, supra, which we regard as a typical provision considered by numerous other courts. The Wisconsin statute considered in the Graham case provided, 228 N.W. 137, "Every such mortgage shall cease to be valid, as against the creditors of the person making the same or subsequent purchasers or mortgagees in good faith, after the expiration of two years", unless a renewal statement is filed within the two-year period. In contrast, the Indiana Act provides that a chattel mortgage shall be invalid "as against creditors, purchasers, junior mortgagees, other lienors and encum-

brancers and third parties after the expiration of a period of three [3] years," unless a statement of renewal is filed within the three-year period. The sole difference, so far as we are able to discern, between these provisions as they relate to the instant question is that Wisconsin invalidates a chattel mortgage for failure to comply with the extension provision as to a "subsequent" mortgagee, while Indiana invalidates such a mortgage for the same reason as to a "junior" mortgagee.

The Wisconsin court held that the statutory provision invalidating the first mortgage did not apply to a second mortgage taken within the two-year period (the life of the first mortgage), but that it only became invalid as to a second mortgage taken after the expiration of such period. This conclusion was reached by construing a "subsequent" mortgagee to mean one that was taken after the expiration of the two-year period. It is urged by Wheeler, however, that the legislature of Indiana by employing the term "junior" mortgagee clearly meant something different than did the legislature of Wisconsin in referring to a "subsequent" mortgagee.

Wheeler argues that the term "junior mortgagees" is meaningless if it is directed to a mortgagee who becomes such only after the first mortgage has become invalid for failure to extend, because in such event it has shifted to the status of a senior mortgage. Obviously, a junior mortgage connotes a pre-existing mortgage. But could not the same argument be made if the provision had been directed at "subsequent mortgagees"? A subsequent mortgage would also connote a pre-existing mortgage. While "junior" and "subsequent" are hardly synonymous words, yet they oftentimes carry substantially the same meaning. Funk and Wagnalls New Standard Dictionary (1943) defines "subsequent" as "following in time; following as a result; consequent;" and "junior" as "later in point of existence or occurrence."

Wheeler contends that to construe Sec. 15 as similar provisions have generally been construed by other courts is to read into the section the word "subsequent," which would make it read, "subsequent junior mortgagees." We think this argument misses the point. It is not a question of reading the word "subsequent" into the provision but of ascertaining what was meant by the word "junior." If the word "subsequent" were added, it would neither enlarge nor diminish the meaning conveyed by the word "junior." The construction sought by Wheeler necessitates the insertion of the word "existing" as a prefix to the word "junior," so as to make it read an "existing junior mortgage." If the legislature had intended to invalidate an existing mortgage, we think it would have so stated.

While Sec. 15 has not been construed by an Indiana court, other sections were considered in Helms et al. v. American Sec. Co., 216 Ind. 1, 22 N.E.2d 822. There, the court stated at page 824 of 22 N.E.2d, "It has accordingly been held that statutes should be construed in the most beneficial way the language will permit to prevent absurdity, hardship, or injustice * * *", and on the following page stated, "Under the circumstances, the responsibility resting upon this court appears clear. We are confronted with the duty of engrafting upon the statute an exception to remove its ambiguities and avoid its absurd and unjust consequences." In the instant case, we are not required to "engraft" anything upon the statute as written but only to construe the language employed so as to prevent "hardship, or injustice".

As we construe Sec. 15, appellant's mortgage did not, for failure to comply with the extension provision, become invalid as to Wheeler. Appellant also makes an impressive showing against Wheeler upon equitable grounds. While we rest our decision upon our construction of Sec. 15, we think it not amiss to refer to the fact that appellant's mortgage provided that the mortgagor should not "sell, exchange, pledge or otherwise dispose of or further encumber the same, or permit any other liens or charges to attach thereto, without the written consent of the mortgagee." Admittedly, written consent of appellant was not obtained as a prerequisite to the mortgage given to Wheeler. Thus, the mortgagor violated his contractual obligation with appellant. It was a wrongful act on his part, to which Wheeler was a party.

Wheeler attempts to escape the impact of this situation by arguing that he did not have actual knowledge of appellant's mortgage. We think this is immaterial inasmuch as he was charged with constructive notice of appellant's recorded chattel mortgage, including all of its provisions, the effect of which, so we think, was the same as though Wheeler had actual notice. See Lincoln National Bank & Trust Co. v. Parker, 110 Ind.App. 1, 34 N.E.2d 190, 37 N.E.2d 5, 7. See also 1 Jones, Conditional Sales and Chattel Mortgages, 6th Ed. 1933, Sec. 293 (quoted supra).

We therefore conclude and so hold that appellant has a right prior and superior to that of Wheeler in the bankruptcy funds in the hands of the Trustee. Inasmuch as it is conceded that appellant has no priority over general creditors and no question is raised here as to the validity of Wheeler's lien over general creditors, it follows that there must be an adjustment as between appellant and Wheeler. As between these parties, it is contended by appellant, with which contention we agree, that the proceeds should be marshalled so that (1) appellant's claim be paid out of the lien of Wheeler adjudged valid against the Trustee in Bankruptcy; (2) the difference between appellant's claim and the amount of the Wheeler lien be paid to Wheeler, and (3) Wheeler as to the balance owing on its claim be treated as a general creditor.

The order of the District Court is reversed, with directions to proceed in accordance with the views herein expressed.

LINDLEY, District Judge, dissenting.

It seems to me that when Wheeler recorded its mortgage it became a junior mortgagee; that, when Grebe's mortgage expired, by the terms of the Indiana statute, it became void as to the junior mortgagee, and that, thereupon, Grebe's lien having expired, Wheeler became a first mortgagee. Nor do I believe that the language of the first mortgage creates any estoppel as against Wheeler to claim that its mortgage is now a first lien.

I would affirm the judgment.