**In re VODCO VOLUME DEVELOP-
MENT COMPANY, INC.,
Bankrupt.**

**Erick FUREDY, Trustee,
Plaintiff-Appellant,**

v.

**Herman APPLEMAN,
Defendant-Appellee.**

**No. 76–1642.**

United States Court of Appeals,
Tenth Circuit.

Submitted April 22, 1977.

Decided Dec. 29, 1977.

Rehearing Denied Feb. 8, 1978.

Thomas C. Singer, II, Englewood, Colo., for plaintiff-appellant.

John E. Moye, Head, Moye, Carver & Ray and Sydney H. Grossman, Grossman, Galchinsky, Silverstein & Grossman, Denver, Colo., for defendant-appellee.

Before LEWIS, Chief Judge and BARRETT and DOYLE, Circuit Judges.

LEWIS, Chief Judge.

Furedy, trustee of Vodco-Volume Development Company, Inc., (Vodco), appeals an order of the district court for the District of Colorado reversing an order of the bankruptcy judge and holding that three transactions involving Vodco and its creditor Appleman were not preferential transfers subject of avoidance by the trustee within the meaning of section 60(a) of the Bankruptcy Act, 11 U.S.C. § 96(a). The issue presented is one of first impression and requires us to determine whether the filing of a continuation statement pursuant to section 4–9–403(3), Colo.Rev.Stat.Ann. (1973), after a properly filed financing statement has lapsed effects a "continuous" perfection of the original security interest against a trustee in bankruptcy.

On June 24, 1974, Vodco obtained a $15,000 loan from Appleman evidenced by a promissory note and secured by a security agreement covering Vodco's accounts receivable. Appleman properly filed a financing statement with the Colorado Secretary of State disclosing his security interest. This statement contained a stated expiration date of September 25, 1974, the maturity date of the note. When Vodco was unable to repay the note on the stated maturity date, Appleman agreed to extend the time for repayment but failed to timely file a continuation statement extending the expiration date of the original financing statement. Pursuant to section 4–9–403(2), Colo.Rev.Stat.Ann. (1973), Appleman's original financing statement therefore lapsed and his security interest became unperfected 60 days after the stated expiration date of September 25, 1974, viz., on November 24.

On December 26, 1974, Vodco paid Appleman $5,000 on the note and on February 24, 1975, Appleman properly filed a "late" continuation statement with the Colorado Secretary of State pursuant to section 4–9–403(3), Colo.Rev.Stat.Ann. (1973). About March 21, 1975, Appleman also took action to recover some of Vodco's accounts receivable.

Vodco was adjudicated a bankrupt on April 10, 1975, and the trustee sought to avoid the December, February, and March transactions and to recover the proceeds from Appleman on grounds the transactions were preferential transfers within the meaning of section 60(a) of the Bankruptcy Act, 11 U.S.C. § 96(a), Appleman defended the transactions claiming under Colorado law the continuation statement filed on February 24, 1975, related back to the date of the original financing statement (June 24, 1974) and effected a "continuous" perfection of his security interest from that date. Since his security interest was continuously perfected, Appleman contended the transactions were not made for or on account of an "antecedent" debt and therefore were not preferential transfers.

The bankruptcy judge sustained the trustee's petition to avoid the transactions and ordered Appleman to return the proceeds. Appleman appealed this order and the district court reversed.

Section 60(a) of the Bankruptcy Act, 11 U.S.C. § 96(a), provides that certain transfers of a debtor's property to or for the benefit of a creditor within four months of a bankruptcy petition constitute preferences that may be avoided by the trustee under section 60(b) if the creditor had reasonable cause to believe that the debtor was insolvent at the time the transfers were made. The parties agree the three transactions challenged by the trustee satisfy all of the requirements of sections 60(a) and 60(b) except the requirement that the transfers have occurred within four months of the bankruptcy petition.[1]

Section 60(a)(2) provides a transfer of property "shall be deemed to have been made or suffered at the time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior to the rights of the transferee." 11 U.S.C. § 96(a)(2). Although it is undisputed that the three transactions challenged by the trustee were chronologically within four months of Vodco's bankruptcy petition, Appleman seizes upon the "perfection" test of section 60(a)(2) to argue that his security interest was continuously perfected under Colorado law from June 24, 1974, and that the transfers must therefore be deemed to have been made on that date—more than four months prior to the bankruptcy petition.

In support of this contention Appleman relies under Colorado's unique addition to the Uniform Commercial Code section dealing with continuation statements. Section 4–9–403(2), Colo.Rev.Stat.Ann. (1973), provides the effectiveness of a filed financing statement, with a stated maturity date of 5 years or less, lapses and the security interest becomes unperfected 60 days after the stated maturity date. Section 4–9–403(3), Colo.Rev.Stat.Ann. (1973), initially follows the Uniform Commercial Code provision allowing a continuation statement to be filed within 6 months before and 60 days after a stated maturity date in the original financing statement but adds:

> . . . The failure to file a continuation statement within the time provided in this section shall not affect the validity of a secured party's security interest as against the debtor, and if a continuation statement is filed subsequent to the time provided for but in no event later than two years thereafter, then the late filing shall have the same effect as if it were filed within the time provided, except as

---

1. Appleman separately briefs the requirements of section 60(a)(1) that the transfers have occurred within four months of bankruptcy, for or on account of an antecedent debt, with the effect that Appleman obtained a greater percentage of his debt than other members of his class. All of these requirements are necessarily resolved, however, by a finding that the transfers occurred within four months of bankruptcy.

to persons who may have acquired rights subsequent to the time when the filing should have been made and prior to the late filing, and as to them only to the extent of the rights so acquired. . . .

*Id.* The reason for this addition is explained in the official comment to section 4–9–403(3):

The Colorado legislative change to this section serves to ameliorate the harshness of this section in the official text. Without the Colorado amendment to subsection (3) the failure to timely file a continuation statement would cause a lapse in the effectiveness of the financing statement. The Colorado amendment provides that such a failure does not affect the validity of a secured party's security interest as against the debtor and further that the filing of a continuation statement after such a failure (but not later than two years after the time provided for filing) constitutes a valid continuation statement except as to any rights acquired during the time between the date the filing should have been made and the date actually filed.

As indicated in the last sentence of subsection (3), the statement does not actually lapse until expiration of the two-year period . . ..

Appleman concedes the continuation statement in the present case was filed more than 60 days after the expiration date stated in the original financing statement and that during the period beginning 61 days after the stated expiration date and ending with the filing of the continuation statement other creditors could have obtained priority over his security interest. Appleman vigorously argues, however, and the district court found, that section 4–9–403(3) only gives priority to creditors who *actually* acquired rights during this interim period. Since no evidence of the existence of such actual creditors was presented before the bankruptcy judge,[2] Appleman submits that under Colorado law his security interest must be deemed to have been continuously perfected from June 24, 1974. Relying on our statement in *E. F. Corp. v. Smith*, 10 Cir., 496 F.2d 826, 830, that "perfection" of a security interest for purposes of section 60(a)(2) of the Bankruptcy Act is to be determined in accordance with state law, Appleman concludes the trustee may not claim the status of a hypothetical creditor under section 60(a)(3) to avoid his security interest where Colorado does not recognize inchoate interests.

■■■ Although Appleman correctly states the general rule that perfection of an interest in the property of a bankrupt debtor is to be determined by state law, he has misconstrued the effect of the corollary rule that the time of transfer is to be determined by federal law. *E. F. Corp. v. Smith, supra.* Under section 60(a)(2) a transfer is deemed to have been made "at the time when it became so far perfected that no subsequent lien upon such property . . *could* become superior to the rights of the transferee." (Emphasis added.) Thus, although the *procedure* to be followed in perfecting a security interest in the property of a bankrupt is determined in accordance with state law, the *time* at which "perfection" becomes effective against the trustee in bankruptcy is determined by federal law. In this connection it is to be remembered that sections 60(a)(2) and 60(a)(3) expressly require inchoate interests or interests of so-called "hypothetical creditors" to be considered in determining the *effective* date of transfer. The fact that Colorado has chosen to recognize only those interests actually acquired during the period between lapse of the original financing statement and filing of a continuation statement, assuming *arguendo* that section 4–9–403(3) would be so interpreted by the Colorado courts,[3] does

---

2. The trustee notes no such evidence was presented because the bankruptcy judge ruled the existence of actual creditors was immaterial in determining the rights of the trustee in light of his status as a "hypothetical" creditor under section 60(a)(3), 11 U.S.C. § 96(a)(3).

3. Both parties agree the effect of section 4–9–403(3) on inchoate rights has not been determined by the Colorado courts. In light of our conclusion that the time of transfer for purposes of section 60(a)(2) of the Bankruptcy Act is to be determined under federal law, however,

not and cannot nullify the express requirements of the Bankruptcy Act that the interests of potential as well as actual creditors be considered in determining whether a given transfer is "perfected" against the trustee in bankruptcy.

In the present case it is undisputed that general or secured creditors of Vodco could have obtained rights superior to Appleman's during the interim period between the lapse of Appleman's original financing statement on November 24, 1974 and the filing of Appleman's continuation statement on February 24, 1975. Since section 60(a)(3) requires us to determine the time of transfer without regard to the actual existence of such creditors, we must hold that the transfers in question did not become so far perfected that no subsequent creditor could obtain rights superior to those of the transferee until the dates they were actually made. The bankruptcy judge therefore correctly held that Appleman's original financing statement had lapsed for purposes of the bankruptcy proceedings on the dates the transfers in question were made and that they were therefore preferential transfers.

■ In reversing the order of the bankruptcy judge the district court accorded considerable deference to the stated intent of the Colorado legislature to "ameliorate the harshness" of the official text of section 9–403(3) of the Uniform Commercial Code. In doing so, however, the district court failed to consider the statutorily expressed intent of Congress that the interests of potential as well as actual creditors be considered in determining the rights of a trustee in bankruptcy and the general purpose of the Bankruptcy Act to require prompt perfection of security interests in order to provide timely and adequate notice to creditors. Our holding that the filing of a con-

tinuation statement more than 60 days after the expiration date originally stated in the financing statement does not constitute "continuous" perfection as against the trustee accommodates both the state and federal interests. The "harshness" of the uniform text is ameliorated with respect to all *state* proceedings since the agreement between the secured party and the debtor is not rendered "void" 60 days after the stated expiration date and the interests of the creditors who were "junior" before the lapse are given priority only to the extent of new interests actually acquired during the period of lapse. At the same time the purpose of the Bankruptcy Act is satisfied by requiring a secured creditor to provide timely and adequate notice of his interest by filing a continuation statement within the statutory time period specified by section 4–9–403(3), Colo.Rev.Stat.Ann. (1973). The fact that the Colorado statutory scheme may be "upset" by the intervention of bankruptcy is merely a necessary consequence of the exclusive congressional power to regulate bankruptcy proceedings and presents a legislative rather than a judicial problem.[4] Moreover, the Colorado legislature must have and did intend to create some distinctions between the rights of secured parties who file a continuation statement within the period initially specified in section 4–9–403(3) and the rights of the parties filing within two years thereafter. Once it is conceded that this distinction has been drawn and the possibility created for other creditors to obtain rights superior to those of the delinquent secured party, Appleman cannot be heard to complain that the intent and purpose of the Colorado scheme is frustrated when the trustee in bankruptcy is permitted to take advantage of this distinction by congressional mandate.

we need not speculate regarding the probable interpretation of the Colorado courts.

4. In this connection we note that Colorado legislature could eliminate the possibility of a security interest becoming "unperfected" against the trustee in bankruptcy by following the 1972 amendment to the official text of section 9–403(2) of the Uniform Commercial Code pro-

viding a specified effective period for *all* financing statements whether or not an expiration date is stated and requiring a continuation statement to be filed within a set period before or after the end of the specified period. Uniform Commercial Code § 9–403(2) (1972 version) and Comments 2 and 3.

972

The judgment of the district court is therefore reversed and the case remanded for further proceedings consistent with the opinions expressed herein.