PER CURIAM.
 

 This is an appeal by Daniel L. Freeland, trustee in bankruptcy for Chaseley’s Foods, Inc., from an order of the United States District Court for the Northern District of Indiana reversing an order of Bankruptcy Judge Nehrig and remanding the case for further proceedings. District Judge Moody decided that under Ind.Code 26-1-9-403(2) (which was Section 9-403(2) of the Uniform Commercial Code effective in Indiana in 1964), the Small Business Administration which, as assignee of security agreements and financing statements, held a perfected security interest in Chaseley’s collateral at the time its bankruptcy petition was filed in August 1980, retained that perfected interest despite failing to file a continuation statement upon the December 23, 1980, expiration of the financing statement.
 
 United States v. Freeland,
 
 30 B.R. 452 (N.D.Ind. 1983).
 

 The parties have stipulated to the facts in this case, and they appear in the district court’s opinion, 30 B.R. 452, 453-454 (N.D. Ind.1983), and need not be repeated here.
 

 We affirm the district court’s order as modified by this
 
 per curiam
 
 opinion and adopt as our own, with one amplification added at note la
 
 infra,
 
 Judge Moody’s able and well-reasoned opinion which is reproduced as the appendix hereto.
 

 Freeland raises several other arguments supporting affirmance of the Bankruptcy Court’s decision upholding his claim to the proceeds even though Indiana law does not require the filing of a continuation statement under these circumstances. We have given serious attention to those arguments but need to discuss only two.
 

 First, Freeland notes that Section 546(b) of the Bankruptcy Act, 11 U.S.C. § 546(b), allows a creditor to perfect a security interest after a bankruptcy petition has been filed and concludes that the Government was required under federal law to file a continuation statement. He cites no case law to support this position and we have found none. Indeed, the authorities on which he relies make clear that Section 546(b) was intended to make perfection possible after a bankruptcy petition was filed when Section 362’s automatic stay provision (11 U.S.C. § 362) would otherwise prevent perfection, and not to impose new requirements beyond those required for perfection under state law.
 
 E.g.,
 
 4 Colliers on Bankruptcy ¶ 546.03 at 546-7 to 546-8. Since under Indiana law, the Government’s pre-petition security interest in Chaseley’s inventory remained perfected without the
 
 *305
 
 necessity for filing a continuation statement, Section 546(b) has no relevance to the continuation statement issue.
 

 Freeland’s second argument is more troublesome. He contends that whatever security interest the Government may have in Chaseley’s inventory collateral, it has no perfected interest in the proceeds from the sale of that collateral. Since the Government’s complaint seeks only to establish its priority rights to the proceeds, Freeland contends that we must reinstate the Bankruptcy Court’s decision that Freeland’s interest in the proceeds is superior to the Government’s. The Bankruptcy Court did not reach this issue, because it found for the trustee on other grounds. The district court’s opinion does not discuss the issue either.
 

 The question of who has rights in proceeds which are acquired by a bankrupt’s estate after a bankruptcy petition is filed requires interpretation of both state and federal law. Under the Bankruptcy Act, when a security interest in collateral is created before bankruptcy “such security interest extends to such proceeds * * * acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptey law, except to the extent that the court, after notice and a hearing, and based on the equities of the case, orders otherwise.” 11 U.S.C. § 552(b).
 

 It is undisputed that the security agreement assigned to the Government covered Chaseley’s inventory and any proceeds arising from that inventory (Stipulation Agreement and Attachment B thereto). Thus under Section 552(b) the Government has a security interest in the proceeds from the inventory sale to the extent applicable non-bankruptcy laws provide. The applicable nonbankruptcy laws are Ind.Code 26-1-9-306(4)
 
 [2]
 
 which defines the rights of a party with a perfected security interest in proceeds of collateral of an insolvent debtor and Ind.Code 26-1-9-306(3) which defines a perfected security interest in proceeds.
 

 Under 26-1-9-306(3) (which is Section 9-306(3) of the 1962 version of the Uniform Commercial Code effective in Indiana in 1964):
 

 (3) The security interest in proceeds is a continuously perfected security interest if the interest in the original collateral was perfected but it ceases to be a perfected security interest and becomes un-perfected ten (10) days after receipt of the proceeds by the debtor unless
 

 (a) a filed financing statement covering the original collateral also covers proceeds; or
 

 (b) the security interest in the proceeds is perfected before the expiration of the ten (10) day period.
 

 Thus whether under 11 U.S.C. § 552(b) the Government has a security interest in the proceeds which will defeat the trustee’s claim depends on whether under Ind.Code 26-1-9-306(3), the Government has a perfected security interest in these proceeds. This Court does not have sufficient facts before it to make that determination as a matter of law. It is clear that the financing statement assigned to the Government does not expressly cover proceeds (Stipulation of Facts, Attachment D) although, as already noted, the assigned security agreement does. Although Freeland asserts that the Government never filed a perfected security interest in proceeds after the sale, that is not a stipulated fact. Furthermore, the Government alleges and Chaseley’s Foods admits that “plaintiff consented to the sale of the collateral, with its lien attached to the proceeds.” (¶4 Complaint; Legal Par. 1, Answer). Finally, the Bank
 
 *306
 
 ruptcy Court has not made any finding as to whether the Government has a perfected security interest in the proceeds.
 

 While it appears that the Government has no perfected security interest in the proceeds, the record does not conclusively establish this fact, so that the proceedings must be remanded to the Bankruptcy Court to find this fact.
 
 In Re Platt,
 
 257 F.Supp. 478, 481-82 (E.D.Pa.1966). Furthermore, even if the Bankruptcy Judge finds that under 26-1-9-306(3), the Government has no perfected security interest in the proceeds, the Government may nevertheless prevail against the trustee. Section 552(b) gives the court the right to modify the security interest resulting under state law where equity requires.
 
 In Re Trans-Texas Petroleum Corp.,
 
 33 B.R. 67 (Bkrtcy., N.D. Tex.1983) and 11 U.S.C. § 552(b). We express no opinion as to whether equity would require any modification of the result authorized here under state law. It is within the Bankruptcy Court’s authority to consider such matters and, as the court most familiar with this case, it should give initial consideration to that issue.
 

 For the above reasons, the order of the district court is affirmed as modified by this opinion and the petition for rehearing with suggestion for rehearing
 
 en banc
 
 is denied.
 

 APPENDIX
 

 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA HAMMOND DIVISION
 

 UNITED STATES OF AMERICA, Plaintiff DANIEL L. FREELAND, et al, Defendants
 

 ) ) ) ) Cause No. H 82-849 ) ) )
 

 ORDER
 

 This matter is before the Court on appeal from the Bankruptcy Court’s decision holding that the appellant’s claim to the inventory-proceeds of the debtor was unsecured and thus subordinate to the appellee-trustee’s interest. The issue is one of first impression and requires us to decide whether pursuant to IND.CODE ANN. 26-1-9-403(3) (Burns 1974) a continuation statement must be filed if a financing statement expires during the pendency of a bankruptcy proceeding.
 

 On December 18, 1975, the appellant, the Small Business Administration (SBA) guaranteed a loan of $110,000 made by the First Bank of Whiting, Indiana to the debtor, Chaseley’s Foods, Inc. First Bank perfected its security interest in the debtor’s inventory by filing a financing statement on December 23, 1975. The debtor defaulted on the loan and the SBA honored its guaranty. At that time the note, security agreements, and financing statements were assigned to the SBA.
 

 On August 19, 1980 the debtor filed a petition in bankruptcy. At that time the debt to the SBA was secured by a perfected security interest in the inventory of the debtor. On December 23, 1980 the financing statement covering the inventory expired and the SBA failed to file a continuation statement.
 

 The collateral inventory was sold on February 16, 1981 and the proceeds were retained by the trustee. On May 28,1981 the appellant-SBA filed a complaint requesting a determination of its secured status in regard to the funds held by the trustee. The Bankruptcy Court held that appellant’s failure to file a continuation statement rendered its claim unperfected and thus subordinate to the trustee’s interest as a hypothetical lien creditor.
 

 It is this holding from which the appellant appeals. The appellant argues that the filing of a bankruptcy petition fixes a secured creditor’s rights and that further action to preserve a secured lien is unnecessary and may even constitute a violation of the § 362 automatic stay provisions of the Bankruptcy Code. Therefore, the SBA’s lien is valid and superior to the trustee’s lien. The appellee, on the other hand, argues that the filing of a petition has no effect and that once the SBA’s financing statement expired, its security interest became unperfected and, thus subordinate to the Trustee’s lien. The issue, then, is
 
 *307
 
 whether a security interest which is perfected at the time a bankruptcy petition is filed and thus valid against the trustee becomes unperfected and subordinate to the trustee if the financing statement expires during the pendency of the bankruptcy proceedings and no continuation statement is filed.
 

 Under the Bankruptcy Code, the Trustee holds the status of hypothetical lien creditor. 11 U.S.C. § 544(a) (1978). Section 544(a) allows the trustee to avoid any unperfected liens on property belonging to the bankruptcy estate. While the rights given to the trustee are governed by federal law, the extent of the rights in regard to the priority of lien holders is controlled by state law.
 
 Commercial Credit Co. v. Davidson,
 
 112 F.2d 54 (5th Cir.1940). Therefore, in this case, the Bankruptcy Code gives the trustee the rights of a lien creditor. But whether a lien creditor has priority over another claimant is determined by looking at state law.
 

 Indiana has adopted the 1962 version of the Uniform Commercial Code which provides that a financing statement is effective for five years and sixty days from the date of filing unless a continuation statement is filed before the expiration of that period. If no continuation statement is filed the effectiveness of the filing lapses and becomes unperfected. IND.CODE ANN. 26-1-9-403 (Burns 1974). Section 403 reads in pertinent part:
 

 (2) A filed financing statement which states a maturity date of the obligation secured of five (5) years or less is effective until such maturity date and thereafter for a period of sixty (60) days. Any other filed financing statement is effective for a period of five (5) years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of such sixty (60) day period after a stated maturity date or on the expiration of such five (5) year period, as the case may be, unless a continuation statement is filed prior to the lapse. Upon such lapse the security interest becomes unperfected. A filed financing statement which states that the obligation secured is payable on demand is effective for five (5) years from the date of filing.”
 

 (3) A continuation statement may be filed by the secured party (i) within six (6) months before and sixty (60) days after a stated maturity date of five (5) years or less, and (ii) otherwise within six (6) months prior to the expiration of the five (5) year period specified in subsection (2). Any such continuation statement must be signed by the secured party, identify the original statement by file number and state that the original statement is still effective. Upon timely filing of the continuation statement, the effectiveness of the original statement is continued for five (5) years after the last date to which the filing was effective whereupon it lapses in the same manner as provided in subsection (2) unless another continuation statement is filed prior to such lapse. ... ”
 

 The 1972 version of section 403 has ]oeen amended to provide that during the pendency of a bankruptcy a perfected Security interest will not lapse.
 
 [1]
 
 The 1962 version of the Code however does not speak directly to the effect of an intervening bankruptcy on a lapse of a security interest. The Bankruptcy Court held that under Indiana law an intervening bankruptcy does not
 
 *308
 
 dispense with the requirement that a prior lienholder file a continuation statement. It is the appellant’s position, and one that this Court finds supported by well reasoned authority and the policies underlying the UCC filing requirements and the trustee’s strong arm powers, that during an intervening bankruptcy the effectiveness of a properly filed financing statement does not lapse on the expiration of the original financing statement.
 

 The United States Supreme Court has recognized that “valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved.”
 
 Isaacs v. Hobbs Tie & Timber Co.,
 
 282 U.S. 734, 738, 51 S.Ct. 270, 272, 75 L.Ed. 645 (1930). In
 
 Lockhart v. Garden City Bank & Trust Co.,
 
 116 F.2d 658 (2d Cir.1940), the Second Circuit recognized that the date of filing the petition in bankruptcy is the critical time as of which the status of the secured claim ought to be determined. The court found that the creditor’s failure to refile a chattel mortgage after the bankruptcy was filed, as required by state law, did not render the creditor’s claim unperfected against the trustee.
 

 Although the Seventh Circuit has not ruled on the effect of a failure to file a U.C.C. continuation statement after a bankruptcy petition was filed, in the case of
 
 In Re Andrews,
 
 172 F.2d 996 (7th Cir.1949), the court interpreted an Indiana statute which required chattel mortgages to be refiled after 3 years.
 

 “A chattel mortgage executed under and pursuant to this act shall be invalid as against creditors, purchasers, junior mortgagees, other lienors and encum-brancers and third parties after expiration of a period of three [3] years.”
 

 Id.
 
 at 997.
 

 The district court held that the creditor’s failure to refile rendered their mortgage invalid as against the trustee in bankruptcy and a junior mortgagee. The appellate court reversed holding that the creditor’s failure to file rendered its mortgage invalid only as to creditors who extended credit after the original filing lapsed. The court found that since the creditor’s mortgage was valid at the time the junior mortgagee obtained its mortgage, it was valid against the junior mortgagee despite the failure to refile.
 

 In so holding, the court noted that the junior mortgagee had notice of the creditor’s mortgage and, therefore, could not take advantage of an omission to refile.
 
 Id.
 
 at 998.
 

 This reasoning can be extended to the present case. The Trustee and existing creditors had knowledge of the appellant’s perfected security interest on the date the bankruptcy petition was filed. Therefore as to the Trustee and existing creditors the “notice” purpose of the continuation statement requirement is not served once a bankruptcy petition is filed. The only parties which can possibly be injured by failure to file a continuation statement once a bankruptcy proceeding is pending are creditors who obtain their liens after the financing statement expires. However, because the trustee takes possession of the debtor’s property once a petition is filed, and this possession is open and notorious, these creditors should not need the protection of a continuation statement.
 
 In Re Delia Brothers, Inc.,
 
 29 U.C.URep. 1446, 1449 (Bankr.S. D.N.Y.1980);
 
 In Re South County Motel Corp.,
 
 19 U.S.C.Rep. 1254, 1258 (Bankr.D.R.I.1976).
 

 “The mortgagor is, to the public and creditors, the apparent owner of his property. The statute requires a statement to be filed to show the true interest of the parties, for the protection of purchasers and creditors.
 
 In re Nassau Press, Inc.,
 
 259 F.Supp. 666 (E.D.N.Y.1966). When a petition in bankruptcy is filed, property in the actual or constructive possession of the bankrupt vests in the trustees and becomes subject to the exclusive jurisdiction of the bankruptcy court.
 
 Isaacs v. Hobbs Tie & Lumber Co., supra,
 
 282 U.S. at 737 [51 S.Ct. at 271-72], Court authorization is necessary prior to the removal of property from the possession of the trustee or debtor in possession under a Chapter XI arrangement proceeding.
 
 *309
 

 Lockhart, supra,
 
 116 F.2d at 660. The trustee, being originally charged with notice of the lien as of the date of the petition, does not need a regularly renewed warning that the mortgage is undischarged. Nor do creditors need any further protection, since the possession of the trustee and court is open and notorious. Accordingly, refiling thereafter could have no more than a ceremonial effect.
 
 Lockhart, supra,
 
 116 F.2d at 662;
 
 [In re Lake County Fuel & Supply Co.], supra,
 
 70 F.2d at 392 [7 Cir.1934].”
 

 South County Motel,
 
 19 U.C.C.Rep. at 1257, 1258.
 

 The American Law Institute has also recognized that the reasons for requiring a continuation statement do not exist once a bankruptcy petition is filed. As pointed out, the 1972 version of § 9-403(2) explicitly states that a security interest which is perfected by filing at the time insolvency proceedings are commenced remains perfected until the termination of the insolvency proceedings. In explaining this change the American Law Institute Comments on Official Reasons for 1972 Change state:
 

 “Subsection two (2) also recognizes that financing statements might expire during an insolvency proceeding. While the prevailing line of decisions is to the effect that the situation is frozen at the moment of bankruptcy without an obligation to refile, there are contrary decisions, and this situation might prove an inadvertent [sic] trap to a secured party who failed to refile or file a continuation statement during bankruptcy. The change continues the validity of the financing statement until the end of the insolvency proceedings and for 60 days thereafter, or until the expiration of the five year period, whichever is later.”
 

 These comments suggest that holdings which require a continuation statement to be filed are incorrect and that the change is made to rectify any misconception.
 

 The Bankruptcy Court noted the 1972 change, but argued that Indiana’s failure to adopt the change “indicates an intent that the creditor maintain the perfection of its interest through the affirmative act of renewing such interests with a timely filed continuation statement,” (Memorandum Opinion, p. 3). However it has been pointed out that the 1972 Revision is not a substantial change in the law.
 
 [1a]
 

 Delia,
 
 29 U.C.C. Rep. at 1449;
 
 South County Motel,
 
 19 U.C. C.Rep. at 1257, 1258.
 

 “Thus, a refiling of a security interest after the filing of a bankruptcy petition would serve no useful purpose since the rights of prepetition creditors and the trustee in bankruptcy were fixed at the time of the filing of the petition. The express recognition of this principle by New York’s amendment of § 9-403(2) does not confer any greater rights upon a trustee in bankruptcy than those which existed prior to the amendment. A bankruptcy proceeding eliminated the need for further refiling; both before and after the amendment of § 9-403(2).”
 

 Delia,
 
 29 U.C.C.Rep. at 1449.
 

 One may find further justification for not requiring a continuation statement once a bankruptcy proceeding is pending by looking at the purpose of the trustee’s § 544(a)(1) strong arm rights and powers.
 
 *310
 
 In
 
 Sampsell v. Straub,
 
 194 F.2d 228 (9th Cir.1951), the court found that the purpose of Section 70c [predecessor of 11 U.S.C. § 544(a)(1)] is to protect general creditors of the bankrupt against secret liens. In the case, such as this, where there is a valid financing statement on file on the date the bankruptcy is filed there is no secret lien. The trustee and existing creditors have notice of the secured party’s lien. Future creditors are put on notice, despite the lack of a filed financing statement, by the trustee’s possession of all the bankrupt’s property. Therefore, to allow the trustee to avoid a lien which becomes unperfected after the bankruptcy proceeding is commenced does not further the purpose of giving the trustee strong arm powers or the “notice” purpose of the U.C.C. filing requirements. Therefore, it follows that once the bankruptcy petition is filed the secured creditor should not be required to file a continuation statement to preserve the validity of its lien.
 

 There are cases holding that a perfected security interest becomes subordinate to the trustee’s hypothetical lien if the financing statement expires during the pendency of a bankruptcy proceeding and no continuation statement is filed. The Bankruptcy Court relied on two such cases:
 
 Eastern Indiana Product Credit Assoc. v. Farmers State Bank,
 
 31 Ohio App.2d 252, 287 N.E.2d 824 (1972); and
 
 In Re Radcliff Door Co.,
 
 17 B.R. 153 (Bkrtcy.W.D.Ky.1982). These cases hold that a continuation statement must be filed or the creditor loses its secured status despite the fact that the creditor’s security interest was perfected on the date the bankruptcy petition was filed. These cases, however, cite no authority for their holdings. Nor do they justify their interpretation of § 403 beyond quoting the § 403 language that “upon such a lapse the security interest becomes unperfected.” Both courts fail to consider the purpose of the Uniform Commercial Code filing requirements, the effects an intervening bankruptcy petition has on the purpose of requiring a continuation statement, or the purpose of the trustee’s § 544(a)(1) strong arm rights and powers.
 

 This court fails to find these cases or the cases cited by appellees persuasive. Appellee cites
 
 In Re Vodco,
 
 567 F.2d 967 (10th Cir.1977) for the proposition that the 1962 version of § 9-403 of the U.C.C., which was adopted by the Colorado legislature, required the filing of a continuation statement for the preservation of a perfected security interest even during bankruptcy proceedings. However, if one examines the
 
 Vodco
 
 case closely, it becomes apparent that such was not the holding of the Tenth Circuit. In
 
 Vodco
 
 the court interpreted an amendment that the Colorado legislature added to § 9-403 of the Uniform Commercial Code.
 
 [2]
 
 The issue was whether the filing of a continuation statement after the original had lapsed within four months of the bankruptcy filing was a preference which the trustee could avoid. In
 
 Vodco,
 
 unlike the present case, the financing statement had lapsed prior to the filing of bankruptcy. A continuation statement was filed within four months of the bankruptcy. The Court held that the trustee was able to avoid the creditor’s lien as a preference. In the present case the financing statement lapsed after the bankruptcy was filed; The court in
 
 Vodco
 
 made no determination as to whether a continuation statement is required if a financing statement lapses during the pendency of a bankruptcy. The appellees also cite
 
 In Re Utah Agricorp, Inc.,
 
 12 B.R. 573 (Bkrtcy.D.Utah, 1981), which is similarly unpersuasive. In
 
 Utah
 
 the court interpreted § 9~103(l)(d) rather
 
 *311
 
 than § 9-403(2). Although the court makes a comparison between §§ 9-403 and 9-103, it was not ruling on the issue of whether or not a continuation statement must be filed once a bankruptcy is pending. The court finds that under § 9-103 a creditor must refile when collateral is moved to another jurisdiction even though a bankruptcy is pending. However, the court does not hold that the same reasoning would apply to § 9-403. Rather, it actually distinguishes § 9-403 and points out in situations under § 9-403 a filing already exists in the state to give general notice to creditors and therefore the filing of a continuation statement would be unnecessary to protect creditors as the 1972 version explicitly sets out. Therefore, the
 
 Utah
 
 case actually bolsters the appellant’s argument rather than the appellee’s.
 
 [3]
 

 Looking at the purposes of the U.C.C. filing requirements, the purposes of the trustee’s strong arm rights and powers, and the effects of an intervening bankruptcy on these purposes, this court holds that Ind.Code Ann. § 26-1-9-403(2) does not require a continuation to be filed once a bankruptcy petition is filed. Therefore in this case the SBA appellant’s security interest was not rendered unperfected when the financing statement expired and appellant’s lien remains superior to the trustee’s.
 

 The decision of the Bankruptcy Court is, therefore, REVERSED and the case is REMANDED to the Bankruptcy Court for proceedings consistent with this opinion.
 

 ENTER: May 9, 1983.
 

 /s/ James T. Moody JUDGE, UNITED STATES DISTRICT COURT
 

 [2]
 

 . Indiana Code 26-1-9-306(4) provides:
 

 (4) In the event of insolvency proceedings instituted by or against a debtor, a secured party with a perfected security interest in proceeds has a perfected security interest
 

 [[Image here]]
 

 (b) in identifiable cash proceeds in the form of money which is not commingled with other money or deposited in a bank account prior to the insolvency proceedings;
 

 (c) in identifiable cash proceeds in the form of checks and the like which are not deposited in a bank account prior to the insolvency proceedings; * * *
 

 [1]
 

 . “(2) Except as provided in subsection (6) a filed financing statement is effective for a period of five years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of the five year period unless a continuation statement is filed prior to the lapse.
 
 If a security interest perfected by filing exists at the time insolvency proceedings are commenced by or against the debtor, the security interest remains perfected until termination of the insolvency proceedings
 
 and thereafter for a period of sixty days or until expiration of the five year period, whichever occurs later. Upon lapse the security interest becomes unperfected, unless it is perfected without filing. If the security interest becomes un-perfected upon lapse, it is deemed to have been unperfected as against a person who became purchaser or lien creditor before lapse.”
 

 [1a]
 

 1a. The Bankruptcy Court erred in stating that Indiana’s failure to adopt the 1972 version shed light on the meaning of the statute effective in 1964 and never amended. Since the Indiana legislature can enact law only by its passage of a bill and not by its silence or its failure to pass a bill, Ind. Const, art. 4, § 1, only the language actually enacted by the legislature, i.e., Title 26, has legal significance. In reviewing this language, we find that although Section 26-1-9-403(2) is silent as to whether a continuation statement need be filed under the circumstances of this case, Section 26-1-1-103 directs that all sections of the Commercial Code, including Section 26-1-9-403(2), should be supplemented by “principles of law and equity including * * * the law relating to bankruptcy.” As discussed by District Judge Moody in the text of his opinion,
 
 supra,
 
 those principles of the law of bankruptcy establish that a continuation statement need not be filed to maintain a security interest which was already perfected at the time the bankruptcy case commenced. For these reasons, the trustee’s claim that the district court’s interpretation of Ind.Code 26-1-9-403(2) amounts to a judicial amendment is meritless.
 

 [2]
 

 . Section 4-9-302(3) [sic], Colo.Rev.Stat.Ann. (1973), initially follows the Uniform Commercial Code provision allowing a continuation statement to be filed within 6 months before and 60 days after a stated maturity date in the original financing statement but adds:
 

 "... The failure to file a continuation statement within the time provided in this section shall not affect the validity of a secured party’s security interest as against the debtor, and if a continuation statement is filed subsequent to the time provided for but in no event later than two years thereafter, then the late filing shall have the same effect as if it were filed within the time provided, except as to persons who may have acquired rights subsequent to the time when the filing should have been made and prior to the late filing, and as to them only to the extent of the rights so acquired....”
 

 [3]
 

 . Appellee also cites
 
 In Re Phillips Construction Co., Inc.,
 
 579 F.2d 431 (7th Cir.1978). In
 
 Phillips
 
 the court actually states that a creditor’s rights are fixed at the time of filing of the bankruptcy petition. Appellee, however, relies on a footnote distinguishing a 1937 New York case which held that failure to continue a mechanics lien rendered it subordinate to the trustee. Since the
 
 Phillips
 
 court is not determining the effects of failure to file a continuation statement but rather failure to execute a mechanics lien, this footnote is hardly persuasive authority for the proposition that Ind.Code Ann. § 26-1-9-403(2) requires a continuation statement once a bankruptcy petition is filed.