**In re SCHWINN CYCLING AND FITNESS, INC., Debtor.**

**Expeditors International of Washington, Inc., Plaintiff/Appellant,**

**v.**

**The Liquidating Trust, as transferee of interests of the Estate of Schwinn Cycling and Fitness, Inc., Defendant/Appellee.**

**Bankruptcy No. 01–20293–SBB.
Adversary No. 02–1078–ABC.**

United States District Court,
D. Colorado.

Aug. 6, 2004.

James Douglas W. Jessop, Steven T. Mulligan, Jessop & Company, P.C., Denver, CO, Thomas S. Hemmendinger, Brennan, Recupero, Cascione, Scungio & McAllister, LLP, Providence, RI, for plaintiff.

Lawrence Bass, Matthew J. Ochs, Holme, Roberts & Owen, L.L.P., Denver, CO, Thomas Califano, E. O'Brien Kelley, Piper Rudnick LLP, New York City, for defendant.

## ORDER AND MEMORANDUM OF DECISION

NOTTINGHAM, District Judge.

This is an appeal from the bankruptcy court. Appellant Expeditors International of Washington, Inc. appeals from the bankruptcy court's order that appellant's security interest in goods and proceeds thereof did not remain indefinitely perfected after the debtor's bankruptcy filing. Jurisdiction is based on 28 U.S.C.A. § 158 (West 1993 & Supp.2004).

## FACTS

### 1. The Parties Stipulated Undisputed Facts

The parties have stipulated to the following undisputed facts. Appellant is a shipping company that shipped goods belonging to Debtor Schwinn Cycling and Fitness. (App., Ex. A ¶¶ 1–4 [Statement of Undisputed Facts] [filed Nov. 21, 2003].) The contract between appellant and debtor provided that appellant had a general lien and security interest in all of debtor's property in its possession, custody, or control. (*Id.* ¶¶ 2–3.)

On July 16, 2001, debtor filed a voluntary petition of bankruptcy under chapter 11 of the United States Bankruptcy Code. (*Id.* ¶ 5.) Within the twenty day time period proceeding the petition date, appellant had in its possession some of debtor's goods. (*Id.* ¶ 6.) During this twenty day time frame, appellant transferred possession of these goods to the debtor who thereafter sold the goods. (*Id.* ¶¶ 7, 11.) Thus, either shortly before or shortly after the petition date, debtor/debtor's bankruptcy estate had possession of the cash proceeds from the goods. (*Id.* ¶ 13.)

The parties agree that on and prior to the petition date, appellant held a perfected security interest in the goods and the proceeds from the goods. (*Id.* ¶ 8.) Appellant perfected its security interest by way of its actual or constructive possession of the goods. (*Id.* ¶ 9.) Appellant did not file a financing statement with respect to the goods within twenty days after it relinquished custody of the goods to the debtor. (*Id.* ¶ 14.) Pursuant to a Stipulation and Order in the bankruptcy proceedings, the debtor established a segregated cash collateral fund of $250,000 upon which appellant holds a replacement lien to the extent its lien and security interest in the goods and proceeds is valid and enforceable. (*Id.* ¶ 12.)

### 2. Procedural History

In the bankruptcy proceedings, appellant filed a complaint seeking a determination as to the validity, priority, and extent of its lien on the goods and proceeds. (App., Ex. J. at 1 [Order on Cross Mots. for Summ. J.].) The parties filed cross motions for summary judgment regarding "whether [appellant's] security interest in the Goods and any proceeds thereof remained perfected post-petition indefinitely or lapsed without the filing of a financing statement." (*Id.* at 4.) This issue is important to the parties because if the goods and proceeds were not perfected, then the trustee can avoid appellant's claims. 11 U.S.C.A. § 544 (West 1993 & Supp.2004); *see also* (App., Ex. J. at 7 [Order on Cross Mots. for Summ. J.] ).

On September 5, 2003, the bankruptcy court held in favor of Appellee, The Liquidating Trust, who succeeded the interests of the debtor. (App., Ex. J. at 1–8 [Order on Cross Mots. for Summ. J.].) In its order, the bankruptcy court first addressed the issue of whether appellant's security interest in the goods remained perfected. (*Id.* at 5–7.) The bankruptcy court determined that appellant's perfected security interest in the goods lapsed because of its failure to file a financing statement, regardless of the debtor's filing for bankruptcy protection. (*Id.*) The bankruptcy court then addressed the issue of proceeds, explaining, *in toto,* that its "analysis is the same with respect to proceeds. Because [appellant] failed to continuously maintain its perfected security interest in the [g]oods and related documents, its security interest in the proceeds thereof similarly lapsed." (*Id.* at 8 [citing Uniform Commercial Code §§ 9–203(f), 9–315(a, c)].)

On September 17, 2003, appellant filed a notice of appeal of the bankruptcy court's

September 5, 2003 decision. (Notice of Appeal [filed Sept. 17, 2003].) Appellant filed its opening brief on November 21, 2003, challenging the bankruptcy court's legal conclusions regarding whether it had a perfected security interest in the goods and the proceeds. (Br. of Appellant Expeditors International of Washington, Inc. [filed Nov. 21, 2003] [hereinafter "Appellant's Br."].) Appellee filed its response brief on January 5, 2004, and appellant filed its reply brief on January 27, 2004. (Br. of Appellee [filed Jan. 5, 2004]; Reply Br. of Appellant Expeditors International of Washington, Inc. [filed Jan. 27, 2004].)

## ANALYSIS

### 1. Preliminary Matters

■ On a bankruptcy appeal, the district court is to review the bankruptcy court's conclusions of law de novo. *In re Lacy,* 304 B.R. 439, 443 (D.Colo.2004). Here, the parties have not concluded whether Washington or Colorado law applies to this case, but they agree that this issue is not pertinent because both Colorado and Washington have the same Uniform Commercial Code regarding the provisions at issue. (App., Ex. J. at 4 n.4 [Order on Cross Mots. for Summ. J.].) For ease of reference, I cite to the Colorado codification of the Uniform Commercial Code.

In this analysis, I first address the issue of whether appellant had an indefinite perfected security interest in the goods. Then, I address the issue of whether appellant had an indefinite perfected security interest in the proceeds from the debtor's sale of these goods. For the reasons set forth below, I affirm the bankruptcy court's decision regarding the goods and reverse and remand the bankruptcy court's decision regarding the proceeds.

### 2. The Goods

■ At some point prior to the debtor's bankruptcy filing, appellant had a perfected security interest in the goods by possession. Colo.Rev.Stat. § 4–9–313(a) (2003) ("a secured party may perfect a security interest in ... goods ... by taking possession of the collateral"). Appellant lost the perfected security interest by possession when it gave possession of the goods to debtor. Colo.Rev.Stat. § 4–9–313(d) ("If perfection of a security interest depends upon possession of the collateral by a secured party, perfection occurs no earlier than the time the secured party takes possession and continues only while the secured party retains possession"). After it relinquished possession of the goods to the debtor, appellant had a temporarily perfected security interest in the goods under Colorado Revised Statute section 4–9–312(1). Colorado Revised Statute section 4–9–312(1) provides that

[a] perfected security interest in ... goods in possession of a bailee ... remains perfected for twenty days without filing if the secured party makes available to the debtor the goods or documents representing the goods for the purpose of:

(1) Ultimate sale or exchange; or

(2) Loading, unloading, storing, shipping, transshipping, manufacturing, processing, or otherwise dealing with them in a manner preliminary to their sale or exchange.

(2003). At the conclusion of this twenty day period, in order to still be perfected, the Uniform Commercial Code requires the secured party to perfect in another way, such as by filing or possession. Colo.Rev. Stat. § 4–9–312(h) ("After the twenty-day period ... expires, perfection depends upon compliance with this article"). Appellant did not do so. (App., Ex. A ¶ 14 [Statement of Undisputed Facts].)

■ Appellant argues, however, that it did not need to perfect the security interest after this time because the debtor's decision to file for chapter 11 protection during the interim resulted in its security interest being rendered permanently perfected. (Appellant's Br.) The Tenth Circuit comprehensively addressed this argument in the case of *In re Reliance Equities, Inc.*, 966 F.2d 1338, 1341–45 (10th Cir.1992), and this decision controls the result of this case regarding goods.

The issue before the Tenth Circuit in *Reliance* was whether the appellant held a perfected security interest in the proceeds from the sale of promissory notes under the former version of Colorado's codification of the Uniform Commercial Code. *Reliance*, 966 F.2d at 1340. The *Reliance* appellant had a temporarily perfected security interest in the proceeds pursuant to Colorado Revised Statute section 4–9–304(4) and 4–9–306(3) (1992), the precursors in relevant part to the current Colorado Revised Statute section 4–9–312(f–h). *Id.* at 1341. This temporary perfection expired before the *Reliance* appellant filed a financing statement. *Id.* at 1342. The *Reliance* debtor, however, filed for bankruptcy while the *Reliance* appellant's security interest was temporarily perfected. *Id.* at 1342. The *Reliance* appellant, accordingly, raised the identical argument that appellant raises here, arguing "that the perfected status of its security interest in proceeds continued indefinitely once bankruptcy proceedings began because the bankruptcy petition was filed during the ten-day period during which … it [had] an automatic perfected interest in the proceeds." *Id.*

The Tenth Circuit rejected this argument, explaining that

[i]n this case, [appellant] did not file a financing statement. Rather, [appel-

lant] relies upon temporary perfection under Colo.Rev.Stat. § 4–9–306(3). To freeze priorities upon the initiation of insolvency proceedings in an automatic perfection situation would contravene one of the principal purposes of the Bankruptcy Reform Act: to strike down secret liens.

The automatic perfection provisions of section 4–9–304(4) and 4–9–306(3) were designed to address particular short-term exigencies where creditors could not always be expected to perfect their security interests otherwise. The motivating reasons behind these sections do not logically extend throughout the duration of a potentially lengthy bankruptcy proceeding. The short and precise durations explicitly provided for by the automatic security provisions in sections 4–9–304(4) and 4–9–306(3) are inconsistent with the concept urged upon us by [appellant] that a bankruptcy filing by the debtor should extend such security interests indefinitely….

[Moreover, w]e find it especially significant that Colo.Rev.Stat. §§ 4–9–304(4) & 4–9–306(3), which address short-term automatically perfected security interests, make no mention of an extension of the perfection period in the event insolvency proceedings are commenced.

*Id.* at 1343–44 (citations omitted). This reasoning applies with the same force to the new temporary perfection rules found in Colorado Revised Statute sections 4–9–312(f) and 4–9–313(d). Therefore, *Reliance* controls the outcome of this case.

Appellant, however, relies upon the cases of *General Electric Credit Corp. v. Nardulli & Sons, Inc.*, 836 F.2d 184 (3d Cir.1988), and *In re Chaseley's Foods, Inc.*, 726 F.2d 303 (7th Cir.1983) for the proposition that security interests that are perfected at the time of the filing of bankruptcy are forever perfected. (Appellant's Br.

at 8, 10, 12–13.) In *Reliance*, the Tenth Circuit specifically rejected these cases as applicable to temporary perfection situations because these cases dealt with the situation where a secured party perfected its security interest by filing a financing statement prior to the debtor's bankruptcy. *Reliance*, 966 F.2d at 1342–43. Appellant's reliance on *Nardulli* and *Chaseley's* is therefore misplaced.

Appellant also contends that this case is distinguishable from *Reliance* because other creditors should have been aware of its security interest. (Appellant's Br. at 11–13.) This argument likewise fails because appellant's lien was unrecorded, so once it gave up possession, other creditors would not be aware of its security interest.

"The moral of this story," as one set of legal commentators explained, "is that temporary perfection is indeed temporary." Barkley Clark & Barbara Clark, 02–04 *Clarks' Secured Transactions Monthly* 5 (Feb.2004). For the foregoing reasons, I affirm the well reasoned opinion of the bankruptcy court regarding its conclusion that appellant's lost its perfected status in the goods because it failed to file a financing statement.

### 3. The Proceeds

■ Appellant also contends that it has a security interest in the proceeds of the collateral. (Appellant's Br. at 16–17.) "A security interest in proceeds is a perfected security interest if the security interest in the original collateral was perfected." Colo.Rev.Stat. § 4–9–315(c) (2003). Then, a "perfected security interest in proceeds becomes unperfected on the twenty-first day after the security interest attaches to the proceeds unless ... [t]he proceeds are identifiable cash proceeds." Colo.Rev. Stat. § 4–9–315(d)(2). Here, as discussed

above, appellant had a perfected security interest in the collateral by possession, and then had a temporarily perfected security interest in the collateral under Colorado Revised Statute section 4–9–312(f). Thus, it had a perfected security interest in the proceeds, at least for twenty days.

Appellant opaquely argues that since it had a perfected security interest in collateral that resulted in identifiable cash proceeds, its interest in the identifiable cash proceeds remains perfected regardless of whether the underlying collateral remains perfected. (Appellant's Br. at 16–17.) Assuming that the proceeds were identifiable cash proceeds, appellant's argument is correct. Comment 7 to section 4–9–315 explains that

[f]ormer Section 9–306(3)(b) provided that if a filed financing statement covered original collateral, a security interest in identifiable cash proceeds of the collateral remained perfected beyond the ten-day period of automatic perfection.... Subsection (d)(2) extends the benefits of former Sections 9–306(3)(b) ... to identifiable cash proceeds of all types of original collateral in which a security interest is perfected by any method. Under subsection (d)(2), *if the security interest in the original collateral was perfected, a security interest in identifiable cash proceeds will remain perfected indefinitely, regardless of whether the security interest in the original collateral remains perfected.*

Colo.Rev.Stat. § 4–9–315 cmt. 7 (emphasis added). Accordingly, since the security interest in the original collateral was perfected, even if only for a short period of time, the security interest in the identifiable cash proceeds thereof is perfected indefinitely under Colorado Revised Statute section 4–9–315.[1]

1. While *Reliance's* reasoning is intact and     therefore controls the decision regarding the

The issue, therefore, is whether the proceeds are identifiable cash proceeds, Cash proceeds are "proceeds that are money, checks, deposit accounts, or the like." Colo.Rev.Stat. § 4–9–102(a)(9) (2003). "Proceeds that are commingled with other property are identifiable proceeds ... to the extent that the secured party identifies the proceeds by a method of tracing, including application of equitable principles, that is permitted under law other than this article with respect to commingled property of the type involved." Colo.Rev.Stat. § 4–9–315(b)(2). The current undisputed factual record does not answer the question of whether the proceeds are identifiable cash proceeds. (*See generally* App., Ex. A ¶¶ 11–13 [Statement of Undisputed Facts].) Accordingly, I remand this case to the bankruptcy court to determine whether the proceeds are identifiable cash proceeds.

### 4. Conclusions

Based on the foregoing it is therefore

ORDERED that the Bankruptcy Court's decision is AFFIRMED in part, REVERSED in part, and REMANDED for additional proceedings consistent with this opinion.

goods, the particular provision relied upon by *Reliance* regarding proceeds, Colorado Revised Statute section 4–9–306 (1992), has been altered by the new section 4–9–315. *See* Colo.Rev.Stat. § 4–9–315 cmt. 7. Accordingly, the revised Uniform Commercial Code language and official comment regarding proceeds controls the outcome in this case.