### In re RADCLIFF DOOR COMPANY, INC. Edwin L. Claycamp, President, Debtor.

### Bankruptcy No. 3–80–01464(B).

United States Bankruptcy Court, W. D. Kentucky.

Jan. 6, 1982.

J. Baxter Schilling, Louisville, Ky., for trustee.

R. Terry Bennett, Elizabethtown, Ky., for Citizens Bank of Elizabethtown.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on motion of the trustee, J. Baxter Schilling, to disallow the secured claim of Citizens Bank of Elizabethtown (Bank) in the amount of $3,690.21. The trustee asserts that pursuant to Kentucky statutory authority the security interest of the Bank lapsed in perfection sixty days after the date of maturity set out in the original note, and thereby the Bank is relegated to the status of a general unsecured creditor of the estate. Conversely, the Bank maintains that the maturity date of the original note and security agreement containing a valid future advance clause, and which is referenced by a subsequent unfiled instrument does not cause the perfection of the later secured interest to lapse.

The facts of this case are uncontroverted and may be simply stated as follows:

The Bank acquired a security interest in certain items of equipment and proceeds of the collateral through a security agreement dated March 30, 1979. The interest was perfected by filing the security agreement in the Office of the Hardin County Clerk on April 4, 1979. The instrument was "[t]o secure payment of $10,000.00 as provided in a note or notes of even date herewith and also any and all liabilities, direct or indirect, absolute or contingent, now existing or hereafter arising, of DEBTOR to SECURED PARTY. . . ." Further the security agreement provided that "DEBTOR agrees to pay the obligations . . . due July 30, 1979, as provided in said note or notes. . . ."

Subsequently, two promissory notes were negotiated between the Bank and the debtor. One of these notes is dated July 30, 1979, in the principal amount of $4,000.00, is denoted as being a renewal, and lists the maturity date as October 30, 1979. The last promissory note utilizes the inception date of October 30, 1979, and notes a maturity date of January 30, 1980. Both of these later promissory notes reference the filed security agreement by description of collateral, date and file number. The October, 1979, note contains the following language: "Other Security Interests as Follows: All inventory, A/R, equipment of Radcliff Doors, Inc. per security agreement dated 3–30–79, recorded 4–4–79, file # E3608 in the Office of the Clerk of the Hardin County Court." No instrument or document relating to either the July or the October promissory note was ever filed as a means

of perfecting either interest. Instead, the Bank appears to be relying for perfection of these interests upon the earlier filing of the March 30, 1979, security agreement. Interestingly, while relying on the earlier perfection by filing, the Bank seeks a determination that the perfection of the later interest should not be bound by the maturity date entered on that filed instrument.

The United States Bankruptcy Court has jurisdiction of the parties and the subject matter of this controversy pursuant to 28 U.S.C. § 1471.

Security interests are provided for in the Uniform Commercial Code as adopted by Kentucky, KRS Chapter 355. In order to be effective, a security interest must be properly perfected.

KRS 355.9–302(1) provides:

"A financing statement must be filed to perfect all security interests except the following:...."

None of the exceptions apply in the instant case.

■■■ A "financing statement" is a document signed by both parties and filed for public record. A security agreement may serve as a financing statement if it is signed by both parties. See *Matter of Bollinger Corp.*, 614 F.2d 924 (C.A.Pa.1980).

KRS 355.9–402(1) provides in pertinent part:

"A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items of collateral... A copy of the security agreement is sufficient as a financing statement if it contains the above information and is signed by both parties...."

■■■ Having determined that the security agreement filed here satisfies the requirements of a financing statement for purposes of perfection and that the original obligation was thereby a properly perfected security interest, a determination thus remains to be made as to the lapse of that perfection.

■■■ If there is a valid and enforceable future advance clause contained in the security agreement, then future advances of funds are properly perfected by filing. The perfecting instrument states a maturity date of July 30, 1979, and by referencing this instrument in subsequent unfiled promissory notes, the Bank is bound by that maturity date.

Viewed another way, the promissory note taken on October 30, 1979, also stated a maturity date—that of January 30, 1980. If we assume that an interest relative to this unfiled note was perfected, then lapse of this interest would occur sixty days after this date. However, in neither instance can it be argued that no maturity date was specified.

KRS 355.9–403 states in pertinent part:

"(2) A filed financing statement which states a maturity date of the obligation secured of five (5) years or less is effective until such maturity date and thereafter for a period of sixty (60) days. Any other filed financing statement is effective for a period of five (5) years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of such sixty (60) day period after a stated maturity date or on the expiration of such five (5) year period, as the case may be, unless a continuation statement is filed prior to the lapse. Upon such lapse the security interest becomes unperfected. (3) A continuation statement may be filed by the secured party (a) within six (6) months before and sixty (60) days after a stated maturity date of five (5) years or less, and (b) otherwise within six (6) months prior to the expiration of the five (5) year period specified in subsection (2)...."

Upon a plain reading of this statute, it appears that if July 30, 1979, is construed to be the applicable maturity date, then perfection of the interest lapsed sixty (60) days thereafter. If January 30, 1980, is construed as the correct maturity date, then

lapse of perfection occurred sixty (60) days after this date or about April 2, 1980. Either way, since no continuation statement was ever filed by the Bank in order to continue perfection of its security interests, those interests became unperfected, and the Bank is deemed a general unsecured creditor of the estate.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that the trustee's motion to disallow the secured claim of Citizens Bank of Elizabethtown be and is sustained, and the Bank is a general unsecured creditor of the bankruptcy estate.