### In re HAZLE FARM & POWER EQUIPMENT, Debtor.

### J. Baxter SCHILLING, Trustee, Plaintiff,

### v.

### PEOPLES STATE BANK, Defendant.

**Bankruptcy No. 3–84–01075.**
**Adv. No. 3–85–0008.**

United States Bankruptcy Court,
W.D. Kentucky.

Aug. 12, 1985.

Thomas W. Frentz, Louisville, Ky., for plaintiff/trustee.

R. Keith Bond, Hodgenville, Ky., for defendant.

## OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on plaintiff-Trustee's motion for summary judgment on its claim to avoid the security interest of the defendant, Peoples State Bank, in certain personal property, pursuant to 11 U.S.C. Section 544. The defendant has responded to the plaintiff's motion for summary judgment, agreeing that there exists for resolution by this Court, only questions of law. Therefore, for the purposes of this matter, the defendant's response will be treated as a cross motion for summary judgment.

The Trustee asserts that the debtor executed notes to the defendant with specific maturity dates; that despite the absence of stated maturity dates in the security agreement and financing statement, the stated maturity dates in the notes are controlling for perfection purposes; that as no continuation statements were filed within sixty days of the stated maturity dates, the defendant's perfection lapsed; as the hypothetical lien creditor, the Trustee under Section 544(a) may avoid this unperfected lien on property belonging to the debtor's estate, and thus, the defendant became a general unsecured creditor. The defendant asserts that as the security instruments filed by it do not state a maturity date,

under KRS 355.9-403(2), they are effective for a period of five (5) years from the date of filing, making the Bank perfected until 1989.

The facts of this case are uncontroverted and may be simply stated as follows:

The Bank acquired security interests in certain vehicles and equipment as follows:

| Larue County File No. | Date Note and Secur. Agreement Signed | Date Fin. Stat. or Security Agreement Filed | Maturity Date of Note |
|---|---|---|---|
| D 1408 | 2–15–84 | 2–16–84 | 8–13–84 |
| D 1454 | 2–17–84 | 2–23–84 | 5–17–84 |
| E 217 | 5–3–84 | 5–3–84 | 5–2–84 |

The security interests were perfected by filing either financing statements or security agreements, neither of which contain stated maturity dates. The promissory notes each state a specific maturity date, as indicated above; however, none of the notes were filed with the Larue County Clerk's Office. Partial releases were executed on August 22, 1984 and September 20, 1984 as relating to File No. D 1408.

A motion for summary judgment must be construed in the light most favorable to the party opposing the motion. *Dossett v. New York Mining & Manufacturing Co.,* Ky.App., 451 S.W.2d 843 (1970). Keeping this principle in mind, the Court must determine whether the Bank's security interest remained perfected or whether it lapsed and can be avoided by the Trustee.

■ The Bankruptcy Code provides the Trustee with the status of a hypothetical lien creditor. 11 U.S.C. Section 544(a). That Section permits avoidance of unperfected liens on property belonging to the debtor's estate. While these rights are governed by federal law, the extent of such rights as to priority of lienholders is governed by state law. *Commercial Credit Company v. Davidson,* 112 F.2d 54 (5th Cir.1940). In Kentucky, this dispute will be resolved by the Uniform Commercial Code, adopted in Kentucky Revised Statutes Chapter 355.

The applicable provision, KRS 355.9-403(2), states in pertinent part, as follows:

(2) A filed financing statement which states a maturity date of the obligation secured of five (5) years or less is effective until such maturity date and thereafter for a period of sixty (60) days. *Any other filed financing statement is effective for a period of five (5) years from the date of filing.* The effectiveness of a filed financing statement lapses on the expiration of such sixty (60) day period after a stated maturity date or the expiration of such five (5) year period, as the case may be, unless a continuation statement is filed prior to the lapse. Upon such lapse the security interest becomes unperfected. A filed financing statement which states that the obligation secured is payable on demand is effective for five (5) years from the date of filing. (Emphasis added).

■ As previously stated, the security instruments filed by the Bank (financing statement and security agreements), do not state a maturity date. The plaintiff-Trustee argues that the documents (financing statements, security agreements and notes) are so interrelated as to be read as one, and therefore, that the maturity dates on the notes should control for perfection purposes. The plaintiff-Trustee relies on the case of *In re Radcliff Door Company, Inc.,* 17 B.R. 153 (Bkrtcy., W.D.Ky.1982) for its assertion that the notes' maturity dates are controlling. However, this Court believes that to rely on *Radcliff Door, supra,* for such an assertion would be in opposition to the clear language of KRS 355.9-403(2). The statute specifically provides that a financing statement which does *not* state a maturity date is effective for a period of five years. Contrary to the trustee's reliance on *Radcliff Door, supra,* Kentucky case law supports that this was the intent of the framers of the statute. As stated in *Lincoln Bank & Trust Co. v. Queenan,* Ky., 344 S.W.2d 383, 385 (1961):

With respect to maturity dates, the intent of the framers and the clear import of 9–403 is that if a filed financing statement shows a maturity date beyond five years from the date of filing, *or fails to show any maturity date,* it is effective

for a period of five years from the date of filing, subject to renewal by a continuation statement. (Emphasis added).

Further, the facts of *Radcliff Door, supra* are clearly factually distinguishable from the case at bar. In *Radcliff Door, supra* at 154, the security agreement, which was filed to perfect the security interest, *stated* a maturing date. None of the documents filed by the defendant herein stated a maturity date. Nor is there any requirement to state a maturity date of the obligation secured in order to make sufficient the financing statement. *Mid-Eastern Electronics, Inc. v. First Nat. Bank of Southern Maryland,* 455 F.2d 141 (4th Cir. 1970); *Lincoln Bank & Trust Co. v. Queenan,* Ky., 344 S.W.2d 383 (1961). Therefore, as the security instruments filed of record by the defendant stated no maturity dates, they are effective for a period of five years from the respective dates of filing.

We believe that such a holding is consistent with the scope and purpose of KRS 355.9–402, which is merely to put potential creditors on notice of possible security interests. *In re Osborn,* 6 U.C.C.Rptr. 227 (W.D.Mich.1969). The Official Comments to Section 9–402 of the Uniform Commercial Code make this clear:

"This Section adopts the system of 'notice filing' which has proved successful under the Uniform Trust Receipts Act. What is required to be filed is not, as under chattel mortgage and conditional sales acts, the security agreement itself, but only a simple notice which may be filed before the security interest attaches or thereafter. The notice itself indicates merely that the secured party who has filed may have a security interest in the collateral described. Further inquiry from the parties concerned will be necessary to disclose the complete state of affairs.

*Cantrill Construction Company v. Carter,* 418 F.2d 705, 709 (6th Cir.1969).

As stated by the Sixth Circuit in *Cantrill Construction Company, supra* at 709:

A potential creditor of the Bankrupt would have discovered the financing statement upon examining the records in the recording office. Further inquiry would have led him to the existence of the security agreement and the renewal note. He would have known, therefore, the true state of the Bankrupt's financial situation.

Therefore, the Court finds that the defendant, Peoples State Bank, has a valid security interest in the equipment. That interest has been perfected and, therefore, takes priority over the claim of the Trustee. KRS 355–9–301(1)(b).

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052. A separate Order will be entered this date.

A copy of the foregoing Opinion was mailed to Thomas W. Frentz, 2450 Brown & Williamson Tower, Louisville, Kentucky 40202, counsel for plaintiff-Trustee; and to R. Keith Bond, P.O. Box 88, 118 N. Lincoln, Hodgenville, Kentucky 42748, counsel for defendant.