EASTERN INDIANA PRODUCTION CREDIT ASSN., APPELLANT,
v. FARMERS STATE BANK, APPELLEE.

[Cite as Eastern Indiana Prod. Assn. v.
Farmers State Bank (1972), 31 Ohio App. 2d 252.]

(No. 873—Decided February 18, 1972.)

*Messrs. Peterson, Ervin & Barry* and *Mr. John Barton Huber,* for appellant.

*Messrs. Hinshaw & English* and *Messrs. Goubeaux & Goubeaux,* for appellee.

KERNS, J. On March 5, 1965, the defendant, Farmers State Bank, appellee herein, acquired a security interest in certain chattel property by filing a financing statement. On June 5, 1968, the plaintiff, Eastern Indiana Production Credit Association, appellant herein, acquired a security interest in the same chattel property. Hence, it is undisputed that the Farmers State Bank had a prior and superior security interest in the chattel as of June 5, 1968.

On February 24, 1970, Ronald Cox, the owner of the property, was adjudged a bankrupt in the United States District Court for the Southern District of Ohio, and on

February 27, 1970, the defendant, Farmers Bank, filed a new financing statement covering the same chattel property which had been covered by the financing statement of March 5, 1965.

A trustee in bankruptcy was appointed on March 13, 1970, at which time the trustee informed both the bank and the credit association that no rights would be asserted to the secured property. On April 29, 1970, the property was sold at public sale by agreement of the parties to this action.

Subsequently, the plaintiff commenced this action in the Court of Common Pleas of Darke County claiming $2,396.46. Specifically, the plaintiff alleged in its complaint that "the defendant Farmers State Bank, on the 29th day of April, 1970 took possession of the farm machinery and equipment which was the subject of the security interest in the plaintiff, sold the same at public auction, paid to plaintiff the sum of $3,926.79 and converted for its own use, the sum of $2,396.46."

The defendant filed an answer on February 19, 1971, claiming, among other things, that the proceeds of the sale were distributed in accordance with the priority of the mortgages of the bank and the credit association.

The Court of Common Pleas found that the lien of the defendant perfected on March 5, 1965 was superior to the security interest of the plaintiff, and entered judgment in favor of the defendant bank. This judgment forms the basis for the present appeal.

The appeal poses two questions: (1) whether the adjudication in bankruptcy on February 24, 1970 dispensed with the requirement that the prior lienholder file a continuation statement within five years, or before March 5, 1970, as required by R. C. 1309.40 and (2) whether the filing of the new financing statement on February 27, 1970 constituted substantial compliance with R. C. 1309.40 (C).

With reference to the first question, the defendant properly observes that the property of the bankrupt vested in the trustee in bankruptcy prior to the expiration of

five years, but this circumstance does not forestall the continuous operation of state law. Manifestly, property involved in bankruptcy proceedings is amenable to a variety of dispositions. In fact, the trustee should abandon or disclaim all assets encumbered in excess of value. See *Federal Land Bank* v. *Nalder* (C. C. A. 10), 116 F. 2d 1004. And the practical effect of the election to abandon is to remove the asset entirely from the jurisdiction of the bankruptcy court. *In re Polumbo* (W. D. Vir.), 271 F. Supp. 640.

In essence, the defendant's argument is dependent upon a temporary suspension or repeal of Ohio law during the pendency of bankruptcy proceedings, and for this reason, the argument is untenable. In our opinion, state law exclusively governs the priority of liens in this case, and parenthetically, we observe that the appellee apparently shared this view when it filed the new financing statement in lieu of a continuation statement on February 27, 1970.

With reference to the second question, R. C. 1309.40 provides, in part, as follows:

(B) * * * "The effectiveness of a filed financing statement lapses * * * unless a continuation statement is filed prior to the lapse. Upon such lapse the security interest becomes unperfected.

"(C) * * * Any such continuation statement must be signed by the secured party, identifying the original statement by file number and state that the original statement is still effective."

Rather than a continuation statement, the defendant filed a new financing statement on February 27, 1970, which was substantially a rewrite of the original loan. No new collateral was included in the financing statement and no new consideration was given therefor, However the financing statement so filed did not identify the original statement by file number or state that the original financing statement was still effective.

Financing statements and continuation statements serve a distinct and different purpose and are not interchangeable within the meaning of R. C. 1309.40. In the present case, the statement actually filed fails to include

essential statutory elements of a continuation statement, and a positive legislative enactment prescribing the conditions necessary for the preservation of a statutory lien may not be disregarded. In our opinion, therefore, the filing of the new financing statement cannot reasonably be viewed as a substantial compliance with the statute.

In discussing the effect of a "lapse" under R. C. 1309.40, the editorial comment, at page 415, states as follows:

"Under the last sentence of division (B) the security interest becomes unperfected when filing lapses. Thereafter, the interest of the secured party is subject to defeat by those persons who take priority over an unperfected security interest (see R. C. 1309.20), and under R. C. 1309.31 (E), the holder of a perfected conflicting security interest is such a person even though before lapse the conflicting interest was junior. Compare the situation arising under R. C. 1309.03 (C) when a perfected security interest under the law of another jurisdiction is not perfected in this state within four months after the property is brought into this state.

"Thus if A and B both make non-purchase money advances against the same collateral, and both perfect security interest by filing, A, who files first is entitled to priority under R. C. 1309.31 (E) (1). But if no continuation statement is filed, A's filing may lapse first. So long as B's interest remains perfected thereafter, he is entitled to priority over A's unperfected interest."

In applying this analysis of the statute, the plaintiff credit association advanced in priority and possessed the superior lien on the chattel when it was sold in April, 1970. Although this result may appear harsh under the somewhat novel and unusual facts of this case, the filing of the new financing statement does show that the defendant was not lulled into inaction by the pendency of the bankruptcy proceedings. Its dilemma arose rather from the failure to file a continuation statement prior to the expiration of five years, and this failure cannot be ignored in view of the requirements of R. C. 1309.40(C).

256

Accordingly, the judgment must be reversed, and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

SHEREE, P. J., and CRAWFORD, J., concur.