**In the Matter of FUNDING SYSTEM ASSET MANAGEMENT CORPORATION, Debtor.**

**Bankruptcy No. 81–2558.**

United States Bankruptcy Court, W.D. Pennsylvania.

March 14, 1984.

M. Bruce McCullough, Pittsburgh, Pa., for debtor.

Allan S. Gutfleish, Englewood, N.J., for creditor.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

Presently before the Court is Debtor's Petition for Determination of Status of Claims of Midlantic National Bank wherein the Court is asked to determine whether a secured creditor whose financing statement expires subsequent to the filing of a petition in bankruptcy must file a continuation statement in order to maintain its secured status.

Midlantic National Bank, hereinafter "Midlantic" does not dispute the facts as set forth in Debtor's petition. The facts are briefly as follows. On April 13, 1977, Funding Systems Asset Management Corporation, hereinafter "FSAM" and New York Telephone Company entered into a lease of IBM computer equipment. FSAM granted National Bank of North America, ("NBNA"), a security interest in the lease and equipment. NBNA subsequently assigned its security interest therein to Midlantic National Bank. On September 12, 1977, Midlantic filed a UCC–1 financing statement in the Office of the Prothonotary of Allegheny County, Pennsylvania. On September 13, 1977 Midlantic filed a financing statement in the Office of the Secretary of the Commonwealth of Pennsylvania. FSAM commenced bankruptcy proceedings on October 23, 1981, at which time the aforementioned financing statements were effective. After the filing of the bankruptcy petition, Midlantic failed to file continuation statements or otherwise extend the financing statements beyond their normal five-year terms.

On the basis of the above, Debtor seeks the entry of an order declaring that Midlantic's claim in the bankruptcy proceedings at bar is unsecured as of September 12, 1982.

In its brief, Debtor argues that while the 1972 Amendments to the Uniform Commercial Code provide that a security interest perfected by filing prior to the commencement of insolvency proceedings will not lapse during the pendency of those proceedings; the case at bar is governed by the 1962 version of the Uniform Commercial Code which is silent on the issue. In support of its argument that bankruptcy does not suspend the requirement of filing a continuation statement, Debtor cites the case of *Eastern Indiana Production Credit Ass'n v. Farmers State Bank*, 31 Ohio App.2d 252, 287 N.E.2d 824, 11 U.C.C. Rep. 664 (1972). Debtor further relies upon 12A P.S. § 9-403(2) which provides, in part, that upon expiration of a five-year term, the effectiveness of a filed financing statement lapses unless a continuation statement is filed prior to the lapse.

In its brief, Midlantic acknowledges that the 1972 Amendments to the Uniform Commercial Code did not become effective in Pennsylvania until May 25, 1983. It further acknowledges that while the 1972 version expressly eliminates the need for a secured creditor to file a continuation statement in the situation at bar, the prior version of the Uniform Commercial Code which is controlling herein contains no such language.

Midlantic further argues that according to the majority view, continuation statements need not be filed by a secured creditor after a bankruptcy petition has been filed. Midlantic cites numerous cases which the Court now examines.

In several cases decided under the provisions of the Bankruptcy Act, it has been held that the filing of a bankruptcy proceeding during the effective period of a filed financing statement relieves the secured creditor from the filing of a continuation statement. *Matter of L & R Ventures, Inc.*, 3 B.C.D. 1368 (Bkrtcy.S.D.N.Y. 1977); *In re South County Motel Corp.*, 19 U.C.C.Rep. 1254 (D.R.I.1976).

On the narrow issue at bar, the Bankruptcy Court of the Southern District of New York has stated as follows:

A refiling of the security interest after the filing of a bankruptcy petition would serve no useful purpose since the rights of prepetition creditors and the trustee in bankruptcy were fixed at the time of the filing of the petition. The express recognition of this principle by the New York amendment of § 9-403(2) does not confer any greater rights upon a trustee in bankruptcy than those which existed prior to the amendment ... a bankruptcy proceeding eliminated the need for further refiling; both before and after the amendment of § 9-403(2).

*In re Delia Brothers, Inc.*, 29 U.C.C.Rep. 1446, 1449 (S.D.N.Y.1980).

Further, the United States District Court for the Northern District of Indiana has similarly held that during the pendency of a bankruptcy proceeding the effectiveness of a properly filed financing statement does not lapse upon expiration of the original statement. *In re Chaseley's Foods, Inc.*, 30 B.R. 452 (D.C.N.D.Ind.1983). While the case was decided under the 1962 version of the Uniform Commercial Code, the Court stresses that the 1972 version is not a substantial change therefrom. The Court further cites the American Law Institute Comments on the Official Reasons for 1972 Change, wherein the majority view is stated as follows: "... the situation is frozen at the moment of bankruptcy, without an obligation to refile ..." (p. 456).

In addition to the foregoing, the Bankruptcy Court for the Eastern District of Pennsylvania has reached the same conclusion in its recent decision of *In re Steigerwald*, 35 B.R. 254 (Bkrtcy.E.D.Pa.1983).

In light of the above, Debtor's Petition to Determine Status of Claims of Midlantic Bank where it seeks entry of an order declaring that Midlantic's claim in the FSAM bankruptcy proceeding is unsecured as of September 12, 1982 is denied.

An appropriate order will be entered.