### The UNITED STATES of America, Appellant,

v.

### Sharon Kelly SAYRES, Appellee.

### No. CIV–84–238T.

United States District Court, W.D. New York.

Aug. 7, 1984.

Salvatore R. Martoche, U.S. Atty., Rochester, N.Y. (Jonathan W. Feldman, Asst. U.S. Atty., Rochester, N.Y., of counsel), for plaintiff.

Stern, Lane, Stern & Neild, P.C., Rochester, N.Y. (William J. Neild, Rochester, N.Y., of counsel), for defendant.

## MEMORANDUM DECISION and ORDER

TELESCA, District Judge.

Appellant seeks to appeal from an Order of the Bankruptcy Court denying its motion to dismiss an adversarial proceeding brought by appellee. For the reasons set forth below, the Order of the Bankruptcy Court is reversed.

### FACTS

The debtor-appellee, Sharon Kelly Sayres (Sayres), and her husband both owed back taxes to the United States Government (Government) dating back to the 1976 tax year. Several tax liens were filed by appellant beginning in 1978 for the tax liability incurred in 1976. By statute, the time within which to refile the tax lien for the debtor's 1976 income tax liability was to expire on May 24, 1984. 26 U.S.C. section 6323.

On March 9, 1983, Sayres filed a voluntary petition in Bankruptcy pursuant to Chapter 13 of the Bankruptcy Code. The Government filed an adversary proceeding in Bankruptcy Court on May 31, 1983 to seek permission to refile its tax lien for debtor's 1976 tax liability. Subsequently, however, the Government decided that the refiling of a tax lien would not violate the automatic stay provisions of 11 U.S.C. section 362(a) and discontinued this proceeding. The Government then refiled the tax lien and Sayres commenced an adversarial proceeding of her own requesting that the Government be held in contempt for violating the automatic stay provision. The Government moved to dismiss the complaint on several grounds including the basis that the relief sought was barred under the doctrine of sovereign immunity. The motion was denied by the Bankruptcy Court and this appeal ensued.

The issue to be determined is whether the refiling of a Federal Income Tax Lien for a debtor who has filed for bankruptcy after the initial tax lien is filed, violates the automatic stay provisions of 11 U.S.C. section 362(a).

## DISCUSSION

■ The first issue to be resolved is whether this Court should grant the Government permission to appeal the interlocutory order of the Bankruptcy Court. Leave to appeal such an order should only be granted where controlling questions of law are presented as to which there are substantial grounds for difference of opinion and where an immediate appeal may materially advance the ultimate termination of the litigation. *In re Johns-Manville Corp.*, 32 B.R. 728, 731 (S.D.N.Y. 1983).

■ The Government has clearly presented a controlling question of law, since if this Court adopts appellant's interpretation, the adversarial proceeding would be dismissed thus resulting in the ultimate termination of the case. This is another criteria by which interlocutory appeals are to be judged. Finally, the lack of case law on the issue suggests that there are substantial grounds for different opinions. Therefore, this Court is satisfied that an interlocutory appeal is appropriate in this instance and leave to do so is granted.

Turning to the merits, it appears that no other Court of record has addressed the issue presented. Even without prior case law, however, a review of 11 U.S.C. section 362(a) and the intent behind it, compels the conclusion that the Court below erred in failing to dismiss Sayres' complaint.

> Section 362(a) provides in pertinent part: Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this Title operates as a stay, applicable to all entities, of—... (4) any acts to create, perfect or enforce any lien against property of the estate; (5) any act to create, perfect, or inforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, recover a claim against the debtor that arose before the commencement of the case under this title;
> ...

■ The purpose of the automatic stay provision of section 362 is to preserve what remains of the debtor's solvent estate and to provide for a systematic and equitable liquidation procedure for all creditors. *Matter of Holtkamp*, 669 F.2d 505 (7th Cir.1982). Its intended effect is to preserve the status quo as of the date of commencement of the bankruptcy proceedings. *In re H & W Enterprises, Inc.*, 19 B.R. 582 (Bankruptcy Court Iowa 1982).

■ After reviewing section 362(a) subsections 4, 5 and 6, this Court must conclude that the refiling of the tax lien did not "create, perfect or inforce" a lien or act to "collect, assess or recover" the appellant's claim against the debtor. Rather, this purely ministerial act merely continued a previously created and perfected lien and preserved the status quo. The refiling of the tax lien did not change the debtor's position vis-a-vis her previously incurred tax liability, or grant the Government any preference it did not have prior to the commencement of the bankruptcy proceeding. All the refiling did was to prevent the lien from lapsing.

The appellee argues, (and the Court below presumably agreed), that the appellant should have sought leave of the Bankruptcy Court to lift the stay and allow the lien to be refiled before taking any action. I cannot agree with this interpretation of section 362(a). If the automatic stay were interpreted to preclude the type of activity involved here, the number of adversarial proceedings before the Bankruptcy Court would increase dramatically. Although this factor is not determinative, it should be considered. Moreover, since the refiling of the tax lien in this case did nothing more than preserve the status quo, (the purpose for which Congress enacted section 362(a)), this Court cannot justify reaching beyond a literal reading of the statute.

Accordingly, the Order of the Bankruptcy Court is reversed and vacated, and the case is remanded to the Bankruptcy Court with instructions to dismiss the debtor's adversarial proceeding.

SO ORDERED.