In re CATAMOUNT DYERS,
INC., Debtor.

David D. ROBINSON, Esquire,
Trustee, Plaintiff,

v.

U.S. SMALL BUSINESS ADMINISTRA-
TION and Clark Equipment Credit
Corporation, Defendants.

Bankruptcy No. 82–00160.
Adv. No. 85–0021.

United States Bankruptcy Court,
D. Vermont.

April 23, 1985.

Timothy N. Maikoff, Office of Trustee, David D. Robinson, Rutland, Vt., George T. Faris, IV, Montpelier, Vt., for U.S. Small Business Administration.

Stephen A. Dardeck, Rutland, Vt., for Clark Equipment Credit Corp.

## MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

In this adversary proceeding the Trustee, David D. Robinson, Esquire, is requesting the Court to determine the validity of security interests held by the U.S. Small Business Administration and by Clark Equipment Credit Corporation. He filed his Complaint supported by a Memorandum of Law on February 25, 1985. The Small Business Administration submitted its Answer on April 3, 1985 and on the same date it moved for Summary Judgment with supporting Memorandum of Law. On April 5, 1985, Clark Equipment Credit Corporation moved for Summary Judgment and in its Motion it adopted and incorporated by reference the Memorandum of Law submitted by the Small Business Administration.

The Motions for Summary Judgment are proper in this case and have been filed pursuant to Bankruptcy Rule 7056, which makes applicable Rule 56 of the Federal

Rules of Civil Procedure, since it appears that there are no disputed issues of fact.

## FACTS

The Small Business Administration acquired a security interest in machinery, furniture, fixtures, inventory, accounts receivable, contract rights, and other property under a security agreement which was perfected by the filing of financing statements in the proper places on March 20, 1978. These statements did not recite a maturity date.

Clark Equipment Credit Corporation acquired a purchase money security interest in a forklift truck under a security agreement which was perfected by the filing of financing statements in the proper places on December 2, 1977. Likewise, these statements recited no maturity date.

The Debtor, Catamount Dyers, Inc., filed for relief under Chapter 11 of the Bankruptcy Code on July 8, 1982, and the case was converted to a Chapter 7 liquidation proceeding on March 13, 1984 at which time David D. Robinson, Esquire, was appointed trustee. He is still the duly qualified and acting trustee.

Neither Small Business Administration nor Clark Equipment Credit Corporation has ever filed any continuation statements.

## DISCUSSION

It is the position of the Trustee that the security interests of both Small Business Administration and of Clark Equipment Credit Corporation have lapsed because of their failure to file continuation statements as required by the Uniform Commercial Code.

It is generally held that the nature of a creditor's property rights in bankruptcy is defined by state law, not federal law. *Butner v. United States*, 440 U.S. 48, 54; 99 S.Ct. 914, 917, 59 L.Ed.2d 136; *In Re Skelly Jr.*, (U.S. District Court—D. Delaware—1984), 38 B.R. 1000, 1001. State law also defines the nature and extent of debtor's and, therefore, the estate's interest in property. *Butner v. U.S.*, supra; *In Re Abdallah* (Bankr.D.Mass.1984) 39 B.R. 384, 386; *In Re Ford* (Bankr.Md.1980) 3 B.R. 559, aff'd 638 Fed.2d 14 (4th Cir.1981). It follows that the rights of Small Business Administration and of Clark Equipment Credit Corporation as to the collateral which is subject to their security interests are controlled by the pertinent sections of the Uniform Commercial Code as adopted in this state and as they apply to the established facts.

Under § 9–403 of the U.C.C. a filed financing statement which recites no maturity date is effective for a period of five years from the date of filing and its effectiveness lapses on the expiration of such five-year period unless a continuation statement is filed prior to the lapse. The filing of the Petition of the Debtor for Relief on July 8, 1982 occurred within this five-year period. Under ordinary circumstances the secured creditors would be prohibited from filing continuation statements by virtue of the automatic stay prescribed by § 362 of the Bankruptcy Code. However, subparagraph (b)(3) provides for an exception to the automatic stay and permits post-petition perfection of certain liens to be effective against the trustee. He contends that, in view of this exception, the secured parties were required to file continuation statements within the five-year period, and, because of their failure to do so, the effectiveness of the financing statements which they originally filed has lapsed. This argument is ill founded.

Under § 544 of the Bankruptcy Code, which is the strong-arm clause under the Code just as § 70c of the former Bankruptcy Act was, the trustee becomes a judicial lien creditor as of the time of the commencement of the case in which the debtor files for relief. It is clear from this section that the date of filing is crucial for the purpose of determining whether the trustee may avoid the security interests held by Small Business Administration and Clark Equipment Credit Corporation. This is aptly expressed in 4 Collier 15th Ed. 544–17 as follows:

"By virtue of section 544(a) the trustee has, *from the date of the filing of the petition,* the status of a hypothetical judicial lien creditor upon all property upon which a creditor of the debtor upon a simple contract could have obtained such a lien on that date as well as the statuses and the power to avoid of a hypothetical creditor holding an execution returned unsatisfied at that date and of a hypothetical bona fide purchaser of real property from the debtor *as of the commencement of the case."* Underscoring supplied.

The Second Circuit recognized that the date of filing the Petition in Bankruptcy is the critical time as of which the status of a secured claim ought to be determined. See *Lockhart v. Garden State Bank and Trust Co.,* 116 F.2d 658 (2d Cir.1940). Likewise, the United States Supreme Court has indicated that "valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved." *Isaacs v. Hobbs Tie and Timber Co.,* 282 U.S. 734, 738, 51 S.Ct. 270, 272, 75 L.Ed. 645.

Several years before the filing of the Petition for Relief by the Debtor Small Business Administration and Clark Equipment Credit Corporation had both complied with the filing requirements of the U.C.C. and as of the date of bankruptcy they held perfected security interests in the collateral described in their security agreements. Therefore, their rights as lienholders were superior to those of the trustee as a hypothetical lienholder.

It is generally held that a secured creditor whose financing statement expires subsequent to the filing of the debtor's petition in bankruptcy does not have to file a continuation statement in order to maintain its secured status. *In the Matter of Funding System Asset Management Corporation* (Bkrtcy.W.D.Pa.1984) 38 B.R. 351; *In Re Delia Brothers, Inc.,* (Bkrtcy.S.D.N.Y. 1980) 29 U.C.C.Rep.Ser. 1446; *In Re Chaseley's Foods, Inc.,* (Bkrtcy.N.D.Ind. 1983) 30 B.R. 452; *In Re Paul H. Steigerwald* (Bkrtcy.E.D.Pa.1983) 35 B.R. 254; *In Re South County Motel Corp.* (Bkrtcy.D. R.I.1976) 19 U.C.C.Rep.Ser. 1254.

The foregoing cases support the rationale that with the security interest already perfected on the date of bankruptcy, the trustee and existing creditors have knowledge of the perfected interest and, thus, the filing of the continuation statement would serve no useful purpose. See *Delia Brothers, Inc.,* supra, at page 1449.

The Trustee argues that § 362(b)(3) of the Bankruptcy Code creates an exception to the automatic stay by permitting post-petition perfection of certain liens against the trustee. He seems to read into this exception a mandate that a secured creditor must file a continuation statement before the original lapses even if it occurs after bankruptcy. He relies almost exclusively on In Re New England Carpet Co., Inc., 8 CBC2d 329 decided by this Court on January 28, 1983. However, this case is clearly distinguishable in that it involved a statutory tax lien which was not perfected as of the date of the filing of the Petition for Relief. Therefore, the City of Winooski which was trying to perfect its lien was permitted to do so by virtue of the exception expressed in § 362(b)(3) of the Bankruptcy Code. In the instant case the security interests had already been perfected when the bankruptcy was commenced.

In sum, the position of the trustee is not tenable, and Judgment is being entered in accordance with this Memorandum.