**FIRST AMERICAN BANK OF NEW YORK, Appellant,**

**v.**

**SOUTHWEST GLOVES AND SAFETY EQUIPMENT, INC., Appellee.**

**Civ. A. No. 86–331 LON.**

United States District Court, D. Delaware.

Sept. 17, 1986.

Neil B. Glassman, John M. Bloxom, IV, and Deanna H. Kelly, Bayard, Handelman & Murdoch, Wilmington, Del., for appellant.

P. Clarkson Collins, Jr., Eduard F. von Wettberg, III, Morris, James, Hitchens & Williams, Wilmington, Del., for appellee.

## OPINION

LONGOBARDI, District Judge.

Appellee Southwest Gloves and Safety Equipment, Inc. ("Southwest Gloves") has moved to dismiss Appellant First American Bank of New York's ("FAB") appeal from the July 11, 1986, Order of the United States Bankruptcy Court for the District of Delaware ("the Order") which granted Southwest Gloves' Application for Increase of Period within which Debtor Shall Have the Exclusive Right to File a Plan and to Solicit Required Acceptances ("the Application"). Southwest Gloves contends that the Order was neither a final order under the collateral order doctrine nor an appealable interlocutory order. For the reasons set forth below, Southwest Gloves' motion to dismiss is granted.

Pursuant to 11 U.S.C. § 1121(d) of the Bankruptcy Code, the Bankruptcy Court granted Southwest Gloves a second extension of the 120-day period in which a debtor has the exclusive right to file a plan of reorganization and solicit acceptances under section 1121. Southwest Gloves now has until September 19, 1986, to file a plan and solicit acceptances. FAB argues that (1) the Order provided a final determination of the time extension issue and is thus appealable under the collateral order doctrine; and (2) the Order "concerns an extraordinary question which, if not addressed until the final resolution of the case, would result in irreparable harm to [FAB]." Docket Item ("D.I.") 7 at 6.

This Court has "jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees ..." of the Bankruptcy Court for the District of Delaware. 28 U.S.C. § 158; *see* Bankr.R. 8001. The collateral order doctrine of *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), allows appeal from a small class of orders which are collateral to the litigation before there is a final judgment on the merits. Should the Court determine that the Order is a final order under that doctrine, FAB may proceed with its appeal as a matter of right. On the other hand, should the Order be deemed interlocutory, the appeal may proceed only with leave of the Court.

## A. THE ORDER AS A FINAL ORDER UNDER THE COLLATERAL ORDER DOCTRINE

FAB argues that the special nature of the bankruptcy process dictates that the finality of orders in bankruptcy cases be viewed in a different light from other cases. Indeed, the "concept of 'finality' for purposes of appellate jurisdiction [is] viewed functionally." *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir.1985) (citing *Matter of UNR Industries, Inc.*, 725 F.2d 1111, 1115 (7th Cir.1984)). Concerns unique to bankruptcy resolution lead courts to "interpret finality more broadly" in the bankruptcy context than in other areas. *In re Amatex Corp.*, 755 F.2d at 1039 (citing *In re Comer*, 716 F.2d 168, 171 (3d Cir. 1983)). As the court noted in *Amatex*, the rationale behind the less rigorous standard is clear. Bankruptcy cases often concern many parties and involve protracted proceedings. Therefore, in order "[t]o avoid the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory." 755 F.2d at 1039.

■ Nonetheless, merely stating that the concept of finality is treated more broadly in bankruptcy cases does not prove that the Order at issue is final. Under a functional approach, FAB has not shown that any rights of creditors have been foreclosed by the Bankruptcy Court's Order.

FAB argues that the Order denied creditors their right to "participate actively" in the bankruptcy process. In reality, the extension merely postponed any right to participation by creditors. Pursuant to section 1121(c), a creditor may only file a plan if (1) the "debtor has not filed a plan before 120 days after the date of the order for relief ...."; or (2) "the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief...." 11 U.S.C. § 1121(c)(2) and (3). The Order simply forces the creditors to await the conclusion of the extension period before acting. Should Southwest Gloves' plan be filed within the extension period but not accepted, FAB could file a plan. The practical effect of the Order is not to foreclose creditors' rights but merely to postpone them until September 19. As such, the Order is not final even under the less rigorous standards used in bankruptcy proceedings.

Since the Bankruptcy Court's order was not a final order, FAB may only appeal as of right if the Order is final under the collateral order doctrine. The collateral order doctrine is a "narrow exception" to the final judgment rule. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981), *quoted in Richardson-Merrell, Inc. v. Koller,* 472 U.S. 424, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985). The doctrine "is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." *Richardson-Merrell, Inc. v. Koller,* 472 U.S. at ——, 105 S.Ct. at 2761 (citations omitted). Applying the standards developed for appeal from district court decisions, the Order is appealable only if it is within "that small class which finally determine claims of rights separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Loan Corp.,* 337 U.S. at 546, 69 S.Ct. at 1225, *quoted in Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).

■ In order to be appealable under the collateral order doctrine, an order must meet three requirements: (1) it must conclusively determine the disputed question; (2) it must resolve an important question completely separate from the merits of the action; and (3) it must be effectively unreviewable on appeal from final judgment. *Pacor, Inc. v. Higgins,* 743 F.2d 984, 988 (3d Cir.1984) (noting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)).

FAB argues that the first requirement of the collateral order doctrine is satisfied because the Order conclusively determined the question whether Southwest Gloves may obtain an extension of the section 1121(c) exclusivity period "after the periods specified [in section 1121(c)]." D.I. 7 at 5. In the Bankruptcy Court, FAB strenuously argued that the language of section 1121(d) does not allow for more than one extension of the 120–day period. The Bankruptcy Court interpreted section 1121(d) differently and granted Southwest Gloves' Application. It is thus apparent that the Order conclusively determined the narrow issue presented.

Second, FAB contends that the issue is an important question completely separate from the merits "in that it determines, as a matter of law, that the Bankruptcy Code imposes no meaningful limits on the time within which a debtor may enjoy the right to file a[n] [exclusive] plan...." D.I. 7 at 5. FAB advances no argument as to why this assertion makes the issue completely separate from the merits. The central purpose of section 1121(c) is to allow the debtor an exclusive period of time in which to file a reorganization plan without pressure from creditors. Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or increase that period of exclusivity in its discretion. While FAB seems to argue that the granting of an extension is completely separate from the merits of the reorganization proceedings, it appears that FAB is in reality appealing an

unfavorable ruling on a matter plainly intertwined with the merits of the case, namely, the ability of creditors to file a reorganization plan.

Assuming *arguendo* that the Order did involve an issue completely separate from the merits under the third test of *Cohen*, FAB has not shown that the Order is "effectively unreviewable on appeal." FAB argues that the Order is unreviewable because the right that FAB seeks to establish is only exercisable during the pendency of the Bankruptcy Court proceedings. In short, FAB contends that if an appeal is not now allowed and is only permitted at the conclusion of the reorganization, "substantial assets will have been depleted, significant expenses will have been incurred and extensive judicial time will have been expended unnecessarily." D.I. 7 at 6.

■ The Third Circuit has held that the third *Cohen* test requires the Court to "ascertain whether an important right will be lost, probably irreparably, if review must await a final judgment." *United States v. Levine*, 658 F.2d 113, 124–25 (3d Cir.1981). Rather than concentrating on the issue of whether the right to file a plan will be irreparably lost, FAB chooses to focus on the irreparable harm caused by a delay in review of its appeal until the conclusion of the bankruptcy proceedings. "[P]ossible effects of a ruling are not determinative of whether it can be immediately appealed.... The question is whether *delay* in review will work an injustice." *Gardner v. Westinghouse Broadcasting Co.*, 559 F.2d 209, 212 (3d Cir.1977), *aff'd*, 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978), *noted in In re Continental Inv. Corp.*, 637 F.2d 1, 5 (1st Cir.1980). In effect, FAB argues that if the appeal is not granted and is only permitted after the reorganization proceeding and the Court then concludes that the Order was in error, substantial time and money will have been wasted. But, that contention does not show that delay in review will cause an injustice. FAB will be able to present a plan should Southwest Gloves' plan not be accepted. FAB may also challenge the re-

organization plan on appeal. The Court finds that the delay awaiting full appellate consideration of the entire reorganization proceeding and the alleged incidental waste of judicial resources and "significant expenses" are not sufficient to satisfy the third *Cohen* test. Potential litigation burdens do not outweigh the strong policy against piecemeal appellate review. *See In re Continental Inv. Corp.*, 637 F.2d at 5–6.

## B. THE ORDER AS AN APPEALABLE INTERLOCUTORY ORDER

■ Under 28 U.S.C. § 158(a), an appellant must have leave of the court in order to appeal from an interlocutory order of the Bankruptcy Court. Pursuant to Bankruptcy Rule 8003(c), the court may treat a Notice of Appeal as a motion for leave to appeal. *See In re Nitec Paper Corp.*, 43 B.R. 492, 494 (S.D.N.Y.1984). In the interest of justice and a prompt disposition of the matter, having determined that the Order appealed from is not final, the Court grants FAB leave to appeal the Order as an interlocutory order pursuant to Bankruptcy Rule 8003(c) and 28 U.S.C. § 158(a).

No specific standards for determining when interlocutory appeals are appropriate are contained in the Bankruptcy Rules or the Code. *See In re Johns-Manville Corp.*, 47 B.R. 957, 960 (S.D.N.Y.1985). The courts that have dealt with the issue of interlocutory appeals in the bankruptcy context have held that only in "exceptional" circumstances will a court hear an appeal from an interlocutory order. *Id.* at 960 (citing *In re D.H. Overmyer*, No. 83–0394, slip op. (S.D.N.Y. Jan. 20, 1983) [Available on WESTLAW, FBKR–DCT database]).

In establishing the criteria for appeals from interlocutory orders in bankruptcy cases, courts have relied by analogy on 28 U.S.C. § 1292(b). *See Connelly v. Shatkin Inv. Corp.*, 57 B.R. 794, 795 (N.D.Ill.1986); *In re Johns-Manville Corp.*, 47 B.R. at 960–61; *In re Johns-Manville Corp.*, 39 B.R. 234, 236 (S.D.N.Y.1984). Under section 1292(b), an appellant must establish that "exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of a final

judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. at 475, 98 S.Ct. at 2461, *quoted in In re Manville Forest Products Corp.*, 47 B.R. 955, 957 (S.D.N.Y.1985). Section 1292(b) provides in relevant part that an interlocutory appeal may be had when there is "(1) a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) ... an immediate appeal ... may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1291(b); *see United States v. Sayres*, 43 B.R. 437, 439 (W.D.N.Y.1984). Pursuant to section 1292(b), the district court must certify that the section's requirements have been met before appeal may be taken. The Court of Appeals, which would have jurisdiction over the appeal, may, in its discretion, permit the appeal. While at least one court has held that this language requires that the bankruptcy court judge certify an order for appeal, *see Connelly v. Shatkin Inv. Corp.*, 57 B.R. at 796, the Court concludes that if FAB satisfies the three-prong test of section 1292, the appeal should be heard despite the absence of a certification from the Bankruptcy Court. *Accord In re Johns-Manville Corp.*, 47 B.R. at 960–61.

The Third Circuit has defined "controlling question of law" as encompassing "at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corporation*, 496 F.2d 747, 755 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). Further, the court noted that the exercise of discretion to allow appeal of interlocutory orders should be informed by the practical application of the policies informing interlocutory appeals: "the avoidance of harm to a party *pendente lite* from a possibly erroneous interlocutory order and the avoidance of possible wasted trial time and litigation expense." *Id.* at 756.

FAB argues that the Order effectively precludes creditors from exercising their statutory right to file a reorganization plan and hence is reversible error or, at the very least, is "serious" to the conduct of the litigation in a practical sense. Nonetheless, FAB fails to show how the second

extension differs materially from the original extension which FAB admits is provided for in the Code. FAB asserts that if the plan is filed and acceptances are received within the "enormously extended period of exclusivity", creditors will be forced to litigate over the plan. Yet, the same result would have obtained if the debtor's plan had been filed and accepted within the original extension.

FAB next asserts that there is a substantial ground for difference of opinion as to the Order. Section 1121(d) was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984. FAB relies on the language added to that section in making its argument. Indeed, one other court has interpreted section 1121(d) to allow for only one extension of the 120–day period, in direct contrast to the holding of the Bankruptcy Court. *See In re Westgate General Partnership*, 55 B.R. 562, 563–64 (Bankr.E.D.Pa.1985). The court in *Westgate* noted that the issue was one of first impression and that neither it nor the parties could uncover case law on the question at hand. It thus predicated its decision on the "plain language of § 1121 and the purpose of that provision." *Id.* at 564. The dearth of judicial interpretation of section 1121(d), as well as the direct conflict between the *Westgate* court and the Bankruptcy Court below, lead this Court to conclude that there is a substantial ground for difference of opinion as to the Order.

Finally, FAB contends that an immediate appeal would materially advance the outcome of the litigation by allowing other parties to file a plan and solicit acceptances without delay. Additionally, FAB asserts that unless the appeal is had, Southwest Gloves could apply for further extensions beyond September 19, 1986. The purpose of section 1121 and the fact that Southwest Gloves' plan must be filed and acceptances solicited by September 19 lead the Court to conclude that granting this appeal would not materially alter the outcome of the litigation. If Southwest Gloves' plan is not confirmed, FAB would be free to file its own plan. Similarly the fact that the Bank-

ruptcy Court may, in the future, grant yet another extension is not a ground for granting the appeal. FAB will be able to garner review of the reorganization proceedings on appeal from the final judgment of the Bankruptcy Court. Granting the appeal presently would delay the bankruptcy proceedings already instituted rather than expediting their final resolution. FAB has raised no exceptional circumstances that would require the Court to "depart from the basic policy of postponing review until after the entry of a final judgment."