**JOHN DEERE COMPANY, a Delaware corporation, Plaintiff–Appellee,**

v.

**ALAMOSA NATIONAL BANK, Defendant–Appellant.**

No. 88CA1834.

Colorado Court of Appeals, Div. II.

Dec. 21, 1989.

Stettner, Miller and Cohn, P.C., John S. Finn, Denver, for plaintiff-appellee.

Rothgerber, Appel, Powers, & Johnson and Stephen T. Johnson, Darrell M. Daley, Denver, for defendant-appellant.

Opinion by Judge TURSI.

In this appeal from a summary judgment, defendant, Alamosa National Bank, (Bank) contends that the senior perfected security interest of plaintiff, John Deere Company, lapsed as a matter of law because it failed to file a legally valid continuation statement within the prescribed time period. We disagree and affirm the judgment.

The trial court's conclusions of law and order were based on undisputed facts. On or about October 15, 1981, Thomas W. and Rita M. Curtis executed a retail installment contract-security agreement, which was se-cured by a tractor, in favor of plaintiff's assignor. This security interest was properly perfected by recording a financing statement on October 22, 1981.

Three years later, on October 5, 1984, the Curtises filed for bankruptcy. On or about July 1, 1985, with concurrence of the trustee in bankruptcy, the Curtises executed a security agreement in favor of the Bank that was secured by all of the Curtises' farm equipment, including the tractor. The Bank's security interest was also properly perfected by a financing statement filed on August 30, 1985.

On December 9, 1986, John Deere filed a continuation statement covering its security interest in the tractor. This continuation statement remained recorded in the office of the county clerk and recorder.

On July 6, 1987, the bankruptcy proceedings were terminated. The Bank took possession of the tractor, with knowledge of John Deere's security interest. On September 15, 1987, it sold the tractor for $5,150, keeping for itself all the net proceeds.

Claiming that it held the most senior security interest, John Deere initiated this claim to recover the proceeds from the sale of the tractor. The trial court agreed and granted summary judgment to John Deere against the Bank.

I.

The Bank first argues that John Deere's continuation statement, filed during the pendency of the Curtis bankruptcy proceeding, was void and without effect since it violated the automatic stay of 11 U.S.C. § 362(a)(4)(1978). We disagree.

Under § 362(a)(4) the filing of a petition in bankruptcy operates as an automatic stay of "any act to create, perfect, or enforce any lien against property of the estate...." The language of this subsection manifests no indication that the mere filing of a continuation statement is to be included within the scope of its terms. Such a filing does nothing more than continue the existence of a previously created, previously perfected, and concurrently valid security interest. It does not, in any way, constitute an act to enforce or collect on a lien

against the property of the estate. *See United States v. Sayres*, 43 B.R. 437 (W.D. N.Y.1984) (holding that the refiling of a tax lien during bankruptcy proceedings did not "create, perfect, or enforce" a lien in violation of the § 362(a)(4)); *In re Chaseley's Foods*, 30 B.R. 452 (N.D.Ind.1983), *aff'd*, 726 F.2d 203 (7th Cir.1983).

Nor do the purposes for § 362(a)(4) support a construction that would stay the filing of a continuation statement. As noted in *Morgan Guaranty Trust Co. v. American Savings & Loan Ass'n*, 804 F.2d 1487 (9th Cir.1986), *cert. denied*, 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987), the automatic stay of § 362(a) seeks to ensure orderly administration of the ·debt-· or's estate to protect the creditor's rights to equality of distribution, to provide a breathing spell for the debtor, and to maintain the status quo. *See also United States v. Sayres, supra.*

Filing a continuation statement does not disrupt the orderly administration of the debtor's estate, nor does it permit creditors to obtain "preferential treatment by making them secured instead of unsecured." *See* H.R. 595, 95th Cong., 1st Sess. 341 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6298. Further, such a filing has no effect on the debtor's "breathing spell," nor does it alter the status quo. Rather, after its filing, all parties remain in the same position they occupied before its filing, and thus, its filing is consistent with the purposes of the automatic stay provision.

To the extent the bankruptcy decisions cited by the Bank might indicate in dicta, or otherwise, that the filing of a continuation statement constitutes an act to perfect a lien against the property of the debtor, we decline to follow them. *See In re Paul*, 67 B.R. 342 (Bankr.D.Mass.1986); *In re Nardulli & Sons Co.*, 66 B.R. 882 (Bankr.W.D. Pa.1986); *In re Bond Enterprises, Inc.*, 54 B.R. 366 (Bankr.D.N.M.1985); *In re Catamount Dyers, Inc.*, 50 B.R. 788 (Bankr.D. Vt.1985).

Since "[t]here is no point in extending the effect of the restraint [of subsection (4)] beyond what is needed," D. Cowans, *Bankruptcy Law & Practice* § 11.4 (1989), and since we can find no need or reason for including the filing of continuation statements within the language of § 362(a)(4), and since failure to allow the filing of a continuation statement during the pendency of the bankruptcy could, in effect, materially alter the respective rights of the various creditors if a continuation statement is not filed within the sixty days subsequent to the end of bankruptcy proceedings, we conclude that the filing of a continuation statement during the pendency of a bankruptcy proceeding does not violate the automatic stay. *See also* 2 L. King, *Collier on Bankruptcy* § 362.04 (15th ed. 1989) (indicating that § 362(a)(4) does not bar the filing of continuation statements).

## II.

The Bank next contends that John Deere's senior perfected security interest lapsed because it failed to file another continuation statement within sixty days of the termination of bankruptcy proceedings. The Bank argues that, under § 4–9–403(2), C.R.S. (1989 Cum.Supp.), a perfected security interest, existing at the time insolvency proceedings are commenced, lapses upon the expiration of the five-year period unless a continuation statement is filed during the period of sixty days following the termination of insolvency proceedings. We disagree.

Section 4–9–403(2) provides in relevant part:

"[A] filed financing statement is effective for a period of five years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of the five-year period unless a continuation statement is filed prior to the lapse. *If a security interest perfected by filing exists at the time insolvency proceedings commenced by or against the debtor, the security interest remains perfected until termination of the insolvency proceedings and thereafter for a period of sixty days or until expiration of the five-year period, whichever occurs later.*" (emphasis supplied)

This section is the result of an amendment by the General Assembly in 1977 adopting the American Law Institute's

1972 amendments to the Uniform Commercial Code § 9–403(2). A primary reason for the amendment was to avoid the inadvertent trap to secured parties who may have failed to file continuation statements during the bankruptcy. *See* American Law Institute's Official Statement of Reasons for the 1972 Changes in Official Text.

We find no support for the Bank's contention that continuation statements may not be filed during the pendency of insolvency proceedings. Nor do we believe such a reading of § 4–9–403(2) should be given. *See* American Law Institute's Official Statement, *supra* (suggesting that a prudent secured party may file a continuation statement on the normal schedule, even if during bankruptcy).

We also reject the Bank's contention that John Deere had to file a continuation statement during the sixty days following the insolvency proceedings.

Here, John Deere's December 9, 1986, continuation statement was properly filed during the pendency of the bankruptcy proceedings. Thus, pursuant to § 4–9–403(2), it was effective for five years from that date. Contrary to the Bank's contention, it was therefore unnecessary to file a continuation statement during the sixty days following the insolvency proceedings.

### III.

We do not address the Bank's last argument that the district court erred, as a matter of law, in finding its actions lacked good faith. In light of our holding above that John Deere's continuation statement did not violate either the automatic stay or § 4–9–403(2) and was, therefore, a valid continuation of its perfected security interest in the tractor, this contention cannot affect the result here. *See Tippett v. Johnson*, 742 P.2d 314 (Colo.1987).

Judgment affirmed.

SMITH and FISCHBACH, JJ., concur.