In the Matter of MAGIC
RESTAURANTS, INC.,
et al., Debtors.

BOWIE PRODUCE CO., INC., Plaintiff,

v.

MAGIC AMERICAN CAFE, INC.,
and Magic Restaurants, Inc.,
Defendants.

Civil Action No. 96–371–JJF.

United States District Court,
D. Delaware.

Nov. 1, 1996.

Mark Minuti of Saul, Ewing, Remick & Saul, Wilmington, DE, Stephen P. McCarron of McCarron & Associates, Washington, DC, for Plaintiff.

Laura Davis Jones of Young, Conaway, Stargatt & Taylor, Wilmington, DE, John A. Lee of Andrews & Kurth, LLP, New York City, for Defendants.

## OPINION

FARNAN, Chief Judge.

Presently before the Court is the Motion for Leave to Appeal the June 18, 1996, Order of the United States Bankruptcy Court (Adversary Proceeding No. A–95–42) brought by Magic American Cafe, Inc. and Magic American Restaurants, Inc. (D.I. 2). For the reasons discussed, the Court will deny Magic's Motion.

### Background

The Appellants, Magic American Cafe, Inc., and Magic American Restaurants, Inc. (collectively "Magic") are debtors in bankruptcy proceedings currently pending in the United States Bankruptcy Court. Magic filed its Chapter 11 petitions on April 7, 1995.

Bowie Produce Co., Inc. ("Bowie") commenced an adversary proceeding against Magic on May 1, 1995, contending that Bowie is the beneficiary of a statutory trust arising under the Perishable Agricultural Commodities Act, 7 U.S.C. 499a et seq. ("PACA"). Bowie contends that, prior to the petition date, it delivered produce to Magic, and a statutory trust arose by virtue of Magic's failure to pay for the produce prior to Magic's entry into bankruptcy.

In response, Magic moved for summary judgment, asserting that PACA is not applicable to restaurants or restaurant operators because they are not "dealers" under PACA. The Bankruptcy Court denied Magic's motion for summary judgment, holding that Magic is a "dealer" under the plain meaning of the language in § 499a(b)(6) of PACA. Magic now seeks leave from this Court to pursue an interlocutory appeal of the Bankruptcy Court's decision denying Magic's motion for summary judgment. (D.I. 2).

### Interlocutory Appeals in Bankruptcy Cases

■ The question before the Court is whether the Court should grant Magic leave to file an interlocutory appeal from the June 18 order, which denied summary judgment to Magic. The Court's jurisdiction to review orders of the Bankruptcy Court is governed by 28 U.S.C. § 158(a), which provides:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and **with leave of the court, from interlocutory orders** and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

28 U.S.C. § 158(a) (emphasis added); *see* Bank.R. 8001. Pursuant to § 158(a), Magic must obtain leave of the court to pursue an interlocutory appeal. *Id.* Although § 158(a) fails to provide criteria for determining when leave to appeal should be granted, courts faced with interlocutory appeals in a bankruptcy context have applied by analogy the standards set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals from district courts to the courts of appeal. *In re Delaware and Hudson Railway, Co.*, 96 B.R. 469, 472 (D.Del.1989); *First American Bank of New York v. Century Glove, Inc.*, 64 B.R. 958, 961 (D.Del.1986).

■ Under § 1292(b) leave to file an interlocutory appeal can be granted when the order at issue (1) involves a controlling question of law upon which there is (2) substantial difference of opinion, and (3) when immediate appeal from the order may materially advance the ultimate termination of the litigation. *Century Glove*, 64 B.R. at 962. Additionally, a district court shall entertain an appeal of an interlocutory judgment only where the appellant establishes that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment. *Century Glove*, 64 B.R. at 961–62 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978)).

Magic asserts that it meets the requirements of § 1292(b) because (1) there is a controlling question of law, which is whether PACA applies to restaurants; (2) there is a lack of opinion on the issue presented despite the existence of PACA for more than 50 years, and Magic asserts that no other court has ruled on this precise issue; and (3) judicial interpretation of the issue would substantially advance this litigation because a result in Magic's favor would avoid the need to resolve several other complex legal and factual issues. (D.I. 2).

Bowie responds that Magic has failed to meet the § 1292(b) criteria because (1) Magic fails to assert any "exceptional circumstances," and (2) there is no substantial ground for disagreement concerning the application of PACA to Magic because a dearth of judicial interpretation alone is insufficient to justify an interlocutory appeal. (D.I. 3).

The Court concludes that Magic has failed to demonstrate that it meets the § 1292(b) requirements. Although the Court is persuaded that a controlling question of law is presented here—whether PACA applies to restaurants and restaurant owners—Magic has failed to sufficiently demonstrate that exceptional circumstances exist which justify the need for immediate review. Although Magic asserts that determining this issue now would save time and avoid having to resolve other factual and legal matters, Magic has not sufficiently established an urgency that sets this case apart from the typical case.

■ Further, although Magic asserts that the lack of judicial opinion militates in favor of allowing an interlocutory appeal, the Court concludes that a scarcity or void of judicial opinion alone is insufficient to justify an interlocutory appeal. Furthermore, other courts have determined that a finding that a dearth of opinion exists *as well as* a judicial conflict on the issue is required to conclude that substantial ground for difference of opinion exists. *See Century Glove*, 64 B.R. at 962. No such circumstance has been asserted here.

■ In sum, a party seeking leave to pursue an interlocutory appeal must demonstrate, in the context of the factors cited above, some circumstance or reason that dis-

tinguishes the case from the procedural norm and establishes the need for immediate review. Magic has not done so.

### Conclusion

For the reasons discussed, Magic's Motion for Leave to Appeal will be denied.